IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ALVERENE BUTLER,** *pro se*, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | CASE NO. 2:06-cv-00278-MEF |
| **ALABAMA DEPARTMENT OF** ) | |
| **TRANSPORTATION,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO DISMISS

COME NOW Defendants, the Alabama Department of Transportation, Joe McInnes, Mark T. Waits, and Patrick Jackson, in the various capacities set forth in the caption of the Plaintiff's Complaint (Doc. No. 1), and file this Motion to Dismiss Plaintiff's Complaint.

1. Defendants claim each and every defense available under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. Defendants contend that actions pursuant to 42 U.S.C. §§ 1981 and 1983 against the Alabama Department of Transportation (hereinafter "ALDOT") are barred by the Eleventh Amendment of the United States Constitution. *Taylor v. State of Alabama*, 95 F.Supp. 2d 1297 (M.D.Ala. 2000).

3. Defendant ALDOT is not a "person" within the meaning of 42 USC §1983. *Taylor v. State of Alabama*, *supra*.

4. Plaintiff's Complaint under 42 U.S.C. §§1981 and 1983, as it relates to Defendants McInnes, Waits, and Jackson, in their official capacities, is barred by the Eleventh Amendment to the United States Constitution. *Taylor v. State of Alabama*, *supra*.

5. Where, as in Plaintiff's Complaint, named defendants are state actors, a plaintiff's § 1981 claim merges into his or her § 1983 claim, and courts treat the claims as a single claim. *Pearson v Macon-Bibb County Hospital Authority*, 952 F.2d 1274, 1278 (11th Cir. 1992).

6. Plaintiff's Complaint, under Title VII of the Civil Rights Act, fails to state a claim against McInnes, Jackson, and Waits in that these Defendants cannot be held liable, in either their official or individual capacitates, under Title VII. Relief granted by said statute is against the employer, not individual employees. *Taylor v. State of Alabama; Cross v. Alabama Dept. of Mental Health*, 49 F.3d 1490 (11th Cir. 1995).

7. Defendants McInnes, Waits, and Jackson, in their individual capacities, are entitled to the defense of "qualified immunity."

8. Plaintiff has failed to satisfy the prerequisites to suit under Title VII in that she has failed to file an EEOC charge stating the date, place, and circumstances of the allegedly unlawful employment practices complained of in Plaintiff's Complaint. *See* 42 U.S.C. § 2000e-5(e)(1).

9. Plaintiff has failed to satisfy the prerequisites to suit under Title VII in that she has failed to file suit within 90 days of receipt of her "Dismissal and Notice of Rights." Additionally, the affirmations contained in Plaintiff's Complaint are inconsistent with the allegations of her latest EEOC charge.

WHEREFORE, PREMISES CONSIDERED, Defendants contend that Plaintiff's Complaint is due to be dismissed and Plaintiff assessed with the costs of this action.

                                                RESPECTFULLY SUBMITTED
                                                TROY KING
                                                ATTORNEY GENERAL

                                                s/ R. Mitchell Alton, III
                                                Jim R. Ippolito, Jr. (IPP001)

          Assistant Attorney General
          Chief Counsel

          R. Mitchell Alton, III (ALT003)
          Harry A. Lyles (LYL001)
          Assistant Attorneys General
          Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
Telephone:  (334) 242-6350
Facsimile:  (334) 264-4359

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ALVERENE BUTLER,** *pro se*, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CASE NO. 2:06-cv-00278-MEF |
| **ALABAMA DEPARTMENT OF** | ) |
| **TRANSPORTATION,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 25, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECT system.

I also certify that, on this same date, I have served the foregoing on the Plaintiff by placing copies thereof, addressed to her as indicated above, in United States mail, First Class Postage prepaid.

Ms. Alverene D. Butler
3600 Farrar Street
Montgomery, Alabama  36105
PLAINTIFF

s/ R. Mitchell Alton, III
R. Mitchell Alton, III (ALT003)
Harry A. Lyles (LYL001)
Assistant Attorney General
Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)

4