IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ALVERENE BUTLER,** * | |
| Plaintiff, * | |
| * | |
| v. * | Civil Case No. 2:06-CV-278-MEF |
| * | |
| **ALABAMA DEPARTMENT** * | |
| **OF TRANSPORTATION, et al.,** * | |
| Defendant. * | |

### FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, by and through her attorney of record, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of the Fourteenth Amendment to the Constitution of the United States, 42 U.S.C. § 1981, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the doctrine of supplemental jurisdiction to obtain declaratory relief and compensatory and punitive damages. Defendants violated Plaintiff's rights as guaranteed by the Constitution of the United States, by Federal law, and by the laws and Constitution of 1901 of the State of Alabama.

2. The violations of Plaintiffs' rights as alleged herein occurred in Montgomery County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

### PARTIES

3. Plaintiff Alverene Butler (hereinafter, "Ms. Butler") is over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama.

4. Defendant Mark T. Waits (hereinafter, "Waits") is, to the best of Plaintiff's knowledge and belief, over the age of 19 years and is and at all times material hereto was a citizen of the United States and the State of Alabama. Waits is being sued in his official capacity for prospective injunctive relief and in his individual capacity for money damages.

5. Defendant Patrick T. Jackson (hereinafter, "Jackson") is, to the best of Plaintiff's knowledge and belief, over the age of 19 years and is and at all times material hereto was a citizen of the United States and the State of Alabama. Jackson is being sued in his official capacity for prospective injunctive relief and in his individual capacity for money damages.

6. Defendant Joe McInnes (hereinafter, "McInnes") is, to the best of Plaintiff's knowledge and belief, over the age of 19 years and is and at all times material hereto was a citizen of the United States and the State of Alabama. McInnes is being sued in his official capacity for prospective injunctive relief.

7. Defendant Alabama Department of Transportation (hereinafter, "the Department") is an agency of government of the State of Alabama sited in Montgomery County, Alabama. The Department is being sued for compensatory damages as Plaintiff's employer under Title VII of the Civil Rights Act of 1964.

## NATURE OF PROCEEDINGS

8. This is a proceeding for a judgment declaring the relative rights, responsibilities and

liabilities of the parties, each to the other, and for injunctive and declaratory relief and compensatory and punitive damages for Plaintiff's suffering as a consequence of the wrongs alleged herein.

## FACTS

9. Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

10. Plaintiff was employed prior to December, 2005, by the Department.

11. Plaintiff worked under the immediate supervision of Jackson. Her next upstream supervisor was Waits, who also supervised Jackson. McInnes is the Director of the Department and is the person who ultimately approved the adverse promotion actions taken against Plaintiff.

12. In 2002, Plaintiff filed a grievance against a prior supervisor for sexual harassment. Since that time, Plaintiff has been subjected to differential treatment including heightened scrutiny of her work, unwarranted reprimands, unwarranted letters of counseling, and low job performance appraisals.

13. During April, 2005, Plaintiff reported that a white female co-worker had falsified a report of a motor vehicle accident. Shortly after that, the white female co-worker confronted Plaintiff on the job site. As a consequence of that encounter, Plaintiff was disciplined.

14. Immediately following her report about the white female co-worker, Plaintiff received a performance appraisal with a final score of 10.5; her previous annual appraisal had been above 25.

15. After that, Plaintiff was subjected to a campaign of retribution. In late April, Waits began

calling Plaintiff's co-workers in to question them about Plaintiff.

16. In or about June, 2005, Plaintiff's supervisor, Jackson, began disallowing previously-approved leave slips.

17. Waits had been the supervisor of the supervisor Plaintiff had previously accused of sexual harassment.

18. Jackson told Plaintiff that Waits was "gunning for" Plaintiff and that "when Mark is gunning for someone, he gets his man."

19. Jackson told Plaintiff that he actions he took against her were directed by Waits.

20. In or about August, 2005, Plaintiff received counseling letters accusing her of using too much leave time and violating call-in procedures.

21. Following her report about the white female co-worker, Waits and Jackson began deducting hours from Plaintiff's time cards.

22. During the same period of time, Plaintiff was subjected to a policy restricting call-ins to one per month, while a white female co-worker continued to call in more than once a month without adverse consequences.

23. Prior to her report about the similarly situated white female co-worker, Plaintiff and the white female co-worker had been permitted to come to work every day a few minutes late because of having to take their children to school. Following that report, the allowance was rescinded as to Plaintiff and she was required to be at work by 7:00 a.m.; the white female co-worker was permitted to keep coming to work by 7:30 a.m.

24. During the course of her employment, Plaintiff received training and certification and was qualified to be promoted from Engineering Assistant (EA) to Civil Engineer (CE). In or

  about October, 2004, a position for CE came open. Plaintiff was denied the promotion to CE, and the position was given to a white male of lesser qualifications whom Plaintiff had trained in his previous position. In or about November, 2005, another CE position came open. Plaintiff's application for promotion was again denied and the position was offered to a similarly situated white female.

25. Because of the stress caused by the discriminatory and retaliatory conduct of the defendants toward her, Plaintiff resigned her position on or about December 22, 2005, the same constituting a constructive termination.

26. Plaintiff has suffered loss of income for the work she actually performed, loss of job, loss of income, loss of promotions, and loss of continued opportunities for job advancement. She has suffered severe emotional distress and mental anguish, embarrassment, humiliation, and loss of enjoyment of living.

27. Plaintiff has fulfilled all conditions precedent to the filing of this action.

## CAUSES OF ACTION

28. As to each of the counts herein below set forth, Plaintiffs expressly adopt as if fully set forth herein the allegations of the foregoing paragraphs.

## COUNT I – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW

29. At all times material hereto, McInnes, Waits, and Jackson were acting pursuant to State statute and were, in fact carrying out policies and customs of the State.

30. Plaintiff had a protectible interest in her job and a protectible interest in the freedom to perform her job. Plaintiff was subjected to a deprivation of the property right she had in her job, and that deprivation was due to invidious race-based discrimination on the part of

Waits and Jackson.

31. Plaintiff was subjected to a deprivation of the rights enumerated above as a result of retaliation for having reported the misconduct of a white individual.

32. Plaintiff was subjected to a deprivation of the rights enumerated above as a result of retaliation for having filed a sexual harassment complaint against a previous supervisor.

33. Plaintiff is a black female, as such she is a member of a protected group.

34. Plaintiff was qualified for a promotion from EA to CE on at least two separate occasions.

35. Plaintiff was denied that promotion on each occasion.

36. On each occasion, the promotion was offered to a white person, members of a non-protected group, of no better qualifications.

37. The said conduct was because of Plaintiff's race, black, and because of her previous EEO activity, or because of a combination of those factors.

38. Plaintiff was treated differently on the job from a similarly situated member of a non-protected group, a white female, as set forth above.

39. The difference in treatment directed to Plaintiff was because of Plaintiff's race, black, because of her previous EEO activity, and because of her having reported the transgressions of a white female, or because of a combination of those factors.

40. Plaintiff was constructively discharged from her job as conditions had become so intolerable that a reasonable person in Plaintiff's position would have found it impossible to continue to perform her job.

41. The aforementioned constitutional and statutory rights were clearly established at the time of the conduct giving rise to the claims herein.

42. Any reasonable public official knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

43. Plaintiff has been injured and damaged thereby.

44. Plaintiff is entitled to recover by way of 42 U.S.C. § 1983, as it subsumes 42 U.S.C. § 1981.

## COUNT II – RACE DISCRIMINATION UNDER TITLE VII

45. Plaintiff is a member of two protected groups, black and female.

46. Plaintiff was qualified for a promotion in November, 2005.

47. The job to which Plaintiff desired to be promoted was open in November, 2005, and Plaintiff applied for it.

48. Plaintiff's application was rejected, and the promotion went to a member of a non-protected group, white.

49. Alternatively, the promotion went to a person who had filed no complaints of sexual harassment.

50. As to the other conduct alleged above, Plaintiff was subjected to disparate and adverse treatment to which members of non-protected groups were not subjected.

51. Plaintiff was constructively discharged from her job because the employer's treatment of her had become so intolerable that a reasonable person in Plaintiff's position could not be expected to tolerate it.

52. Plaintiff has been injured and damaged thereby.

## PRAYER FOR RELIEF

WHEREFORE, THE PREMISES CONSIDERED, Plaintiffs pray for relief as follows:

a) Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Fourteenth Amendment to the United States Constitution, as addressed by and through 42 USC.A § 1983;

b) Grant compensatory damages in favor of Ms. Butler as against defendants Waits and Jackson in their individual capacities of $500,000.00 each or, in the alternative, nominal damages;

c) Grant punitive damages in favor of Ms. Butler as against defendants Waits and Jackson in their individual capacities of $500,000.00 each or, in the alternative, nominal damages;

d) For violation of Title VII of the Civil Rights Act of 1964, grant compensatory damages in favor of Ms. Butler as against the Department of $300,000.00 or, in the alternative, nominal damages;

e) Grant Plaintiff such equitable relief as would effectuate the purpose of the statutes invoked, including back pay, back benefits, accrued leave and, as against McInnes in his official capacity, reinstatement or, in lieu of reinstatement, a reasonable sum of money for front pay;

f) Grant Plaintiff the cost of this action including reasonable attorneys' fees;

g) Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED this ____8th____ day of June, 2006.

/s/ JAY LEWIS

        Jay Lewis
        Attorney for Plaintiff
        Law Offices of Jay Lewis, LLC
        P.O. Box 5059
        Montgomery, Alabama, 36103
        334-263-7733 (voice)
        334-263-7733 (fax)
        J-Lewis@JayLewisLaw.com
        ASB-2014-E66J

**CERTIFICATE OF SERVICE**

      I hereby certify that on the _8th_ day of June, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

R. Mitchell Alton, III
Harry A. Lyles
ALDOT
1409 Coliseum Blvd.
Montgomery, AL 36110

        /s/ JAY LEWIS
        Jay Lewis
        Attorney for Plaintiff
        Law Offices of Jay Lewis, LLC
        P.O. Box 5059
        Montgomery, Alabama, 36103
        334-263-7733 (voice)
        334-263-7733 (fax)
        J-Lewis@JayLewisLaw.com
        ASB-2014-E66J