IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALVERENE BUTLER, | * | |
|     Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No. 2:06-CV-278-MEF |
| | * | |
| ALABAMA DEPARTMENT | * | |
| OF TRANSPORTATION, et al., | * | |
|     Defendant. | * | |

**RESPONSE TO MOTION TO DISMISS**

COMES NOW Plaintiff, by and through her attorney of record, and would respond to the defendants' motion to dismiss by paragraph number and would show unto the Court as follows:

1. Paragraph 1 requires no response from Plaintiff.

2. Plaintiff agrees that ALDOT may not be sued under 42 U.S.C. §§ 1981 and 1983. ALDOT is being sued solely under Title VII of the Civil Rights Act of 1964 as Plaintiff's employer.

3. Plaintiff agrees that ALDOT is not a "person."

4. Plaintiff is contemporaneously filing a motion to amend her Complaint to substitute therefor her First Amended Complaint to clarify that McInnes is being sued in his official capacity for prospective injunctive relief (reinstatement), and that Waits and Jackson are being sued under 42 U.S.C. § 1983 for money damages in their individual capacities.

5. Plaintiff agrees that her § 1981 claims merge into § 1983 and are to be treated by reference to the standards of § 1983.

6. Plaintiff's First Amended Complaint clarifies that her Title VII claim is solely against

ALDOT as her employer, and that Waits, Jackson and McInnes are not individually liable under Title VII.

7. Whether defendants McInnes, Waits, and Jackson are entitled to qualified immunity is not ripe as the defendants have not averred facts sufficient to show their entitlement to qualified immunity.

8. Plaintiff satisfied the administrative prerequisites to bring this action, as she filed a complaint with the EEOC within 180 days of the last discriminatory act, and her complaint alleged sufficient facts to permit a reasonable investigation.

9. Plaintiff filed suit within 90 days of receipt of the Notice of Right to Sue issued by the EEOC, as clearly shown on the face of Plaintiff's original Complaint, to which was attached the said Notice.

WHEREFORE, the premises considered, Plaintiff prays that the Court will overrule and deny the defendants' Motion to Dismiss, as Plaintiff's Complaint and First Amended Complaint are sufficient to permit recovery upon proof of a set of facts set forth in the said pleadings.

RESPECTFULLY SUBMITTED this ____8th____ day of June, 2006.

/s/ JAY LEWIS
Jay Lewis
Attorney for Plaintiff
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, Alabama, 36103
334-263-7733 (voice)
334-263-7733 (fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

**CERTIFICATE OF SERVICE**

   I hereby certify that on the _8th_ day of June, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

R. Mitchell Alton, III
Harry A. Lyles
ALDOT
1409 Coliseum Blvd.
Montgomery, AL 36110

               /s/ JAY LEWIS
               Jay Lewis
               Attorney for Plaintiff
               Law Offices of Jay Lewis, LLC
               P.O. Box 5059
               Montgomery, Alabama, 36103
               334-263-7733 (voice)
               334-263-7733 (fax)
               J-Lewis@JayLewisLaw.com
               ASB-2014-E66J