**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **ALVARENE BUTLER,** )<br>)<br>     **Plaintiff,** )<br>**v.** )<br>) **CASE NO. 2:06-cv-00278-MEF**<br>**ALABAMA DEPARTMENT OF** )<br>**TRANSPORTATION,** *et al.*, )<br>)<br>     **Defendants.** ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COME NOW Defendants, the Alabama Department of Transportation, Joe McInnes, Mark T. Waits, and Patrick Jackson, in the various capacities set forth in the caption of Plaintiff's First Amended Complaint (Doc. No. 17)*,* and file this Answer to the Plaintiff's First Amended Complaint.

**Jurisdiction and Venue**

1. Defendants deny that Plaintiffs rights were violated.

2. Defendants deny that Plaintiff's rights were violated.

**Parties**

3. According to records in the possession of Defendants, Plaintiff is over the age of 19 years.

4. Defendant Waits admits that he is over the age of 19 years, is a citizen of the United States, and of the state of Alabama. Defendant Waits denies that he has violated rights of Plaintiff.

5. Defendant Jackson admits that he is over the age of 19 years, is a citizen of the United States, and of the state of Alabama. Defendant Jackson denies that he has violated rights of Plaintiff.

6. Defendant McInnes admits that he is over the age of 19 years, is a citizen of the United States, and of the state of Alabama. Defendant McInnes denies that he has violated rights of Plaintiff.

7. Defendants admit that the Alabama Department of Transportation is an agency of government of the state of Alabama sited in Montgomery County, Alabama. Defendants deny Plaintiff's entitlement to damages.

**Nature of Proceeding**

8. Paragraph Eight (8) is a recitation of the nature of the case at bar. As such, said paragraph requires neither an admission nor denial on the part of Defendants.

**Facts**

9. Paragraph Nine (9) requires neither an admission nor denial on the part of Defendants.

10. Admitted.

11. Admit that Plaintiff worked under the supervision of Defendant Jackson from August 9, 2001, until December of 2005. Admit that Defendant Waits supervises Defendant Jackson. Admit that Defendant McInnes is currently Director of the Alabama Department of Transportation (hereinafter referred to as "ALDOT").

12. Admit that Plaintiff filed a grievance against James Horace. Plaintiff was removed from Horace's supervision and then assigned to Jackson. Defendants deny that Plaintiff was subjected to differential treatment. Plaintiff's appraisals, with the exception of one received while under Horace's supervision, accurately reflected her work performance. The score of the evaluation received from Horace was changed to a higher score.

13. Denied.

14. Admit that the score received was a 10.5. The score reflected Plaintiff's failure to obtain certain required certifications. Deny the remainder of paragraph 14.

15. Denied.

16. Denied.

17. Admitted.

18. Denied.

19. Defendant Jackson does not recollect such a conversation. Defendants Waits and McInnes lack sufficient personal knowledge to admit or deny the allegations of paragraph 19.

20. Admit that Plaintiff was one of several employees who received a memo entitled, "Re: Letter of Written Counsel."

21. Denied.

22. Denied.

23. Denied.

24. Defendants lack sufficient personal knowledge to admit or deny the allegations paragraph 24.

25. Admit that Plaintiff resigned. Deny the remainder of paragraph 25.

26. Denied.

27. Denied.

**Causes of Action**

28. Paragraph 28 requires neither an admission nor denial on the part of Defendants.

**Count I – Deprivation of Civil Rights under Color of State Law**

29. Admitted.

30. Denied.

31. Denied.

32. Denied.

33. Admit that Plaintiff is a black female.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

**Count II – Race Discrimination under Title VII**

45. See response to paragraph 33 above.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

**Prayer for Relief**

53.     Defendants deny that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

### First Defense

Defendants claim each and every defense available under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Second Defense

Plaintiff's First Amended Complaint fails to state a claim for which relief may be granted.

### Third Defense

Plaintiff failed to exhaust her administrative remedies.

### Fourth Defense

Plaintiff's claims are barred by the applicable statute of limitations.

### Fifth Defense

Plaintiff has suffered no damages.

### Sixth Defense

Plaintiff failed to mitigate damages.

### Seventh Defense

Any adverse employment actions, decisions, or differential treatment were based on nondiscriminatory and legitimate purposes.

**Eighth Defense**

Any adverse employment actions, decisions, or differential treatment were based on factors other than racial discrimination or retaliation.

**Ninth Defense**

Defendants plead the *Mt. Healthy* defense. The same personnel decisions would have been taken even in the absence of discriminatory or retaliatory motive.

**Tenth Defense**

ALDOT pleads the affirmative defense of *estoppel*.

**Eleventh Defense**

ALDOT pleads the affirmative defense of *waiver*.

**Twelfth Defense**

No actions of Defendants were motivated by racial, invidious, discriminatory animus or retaliation.

**Thirteenth Defense**

Eleventh Amendment immunity bars any relief against the State Defendant, ALDOT.

**Fourteenth Defense**

ALDOT pleads the defense of *laches*.

**Fifteenth Defense**

All claims against Defendants McInnes, Waits, and Jackson sued in their official capacities are barred by the Eleventh Amendment of the United States Constitution.

### Sixteenth Defense

Plaintiff's 42 U.S.C. § 1981 claim, pled through 42 U.S.C. § 1983 and presented in Count I, is due to be dismissed as Defendants McInnes, Waits, and Jackson (sued in their official capacity) are not "persons" who can be sued under 42 U.S.C. § 1983.

### Seventeenth Defense

Defendants exercised reasonable care to prevent and promptly correct any discrimination, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by ALDOT or to avoid harm otherwise. Defendants have disseminated an antidiscrimination policy which was in full force and effect and fully and properly responded to Plaintiff's complaints about discrimination.

### Eighteenth Defense

Defendants assert the defense of qualified immunity.

### Nineteenth Defense

Defendants assert the right to assert additional defenses.

```
                              RESPECTFULLY SUBMITTED
                              TROY KING
                              ATTORNEY GENERAL

                              s/ Harry A. Lyles
                              Jim R. Ippolito, Jr. (IPP001)
                              Assistant Attorney General
                              Chief Counsel

                              R. Mitchell Alton, III (ALT003)
                              Assistant Attorney General
                              Assistant Counsel
```

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
Telephone:  (334) 242-6350
Facsimile:  (334) 264-4359

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALVARENE BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CASE NO. 2:06-cv-00278-MEF |
| ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECT system which will send notification of such filing to the following:

Jay Lewis, Esq.
LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, Alabama 36103-5059
(334) 263-7733
ATTORNEY FOR PLAINTIFF

s/ Harry A. Lyles
Harry A. Lyles (LYL001)
Assistant Attorney General
Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)