June 1, 2005

**COMPLAINANT:** Alverene D. Butler

**DOCKET NUMBER:** REY 954



## INVESTIGATIVE DETERMINATION

The following determination is hereby issued on the merits of the charge as is hereinbelow stated. The complainant alleged as follows:

A. That, on January 31, 2005, Karen Stacey said, "Did you see that? Did you see that stupid motherfucking nigger hit me?"

B. That, on April 11, 2005, ". . . Karen ran up in my face and [started] accusing me of lying on her."

C. That, on April 13, 2005, ". . . [Todd Jackson presented] me with a letter of reprimand."

D. That, on April 14, 2005, I received an "unfair [performance appraisal score]."

E. That, her complaint is based upon race discrimination and retaliation.

In view of the aforementioned charge, an investigation, including an examination of pertinent official records and interviews with appropriate personnel, was conducted by the Bureau of Human Resources of the Alabama Department of Transportation. As a result of said investigation, the following facts were ascertained:

A. According to Ms. Butler, Ms. Stacey allegedly made this statement while they were in a state vehicle on January 31, 2005. There were no witnesses, and Ms. Butler did not report this incident as required by departmental policy. (See **Attachment 1**). Instead, the allegation was mentioned to Todd Jackson (Ms. Butler's immediate supervisor) by Ms. Stacey on April 6, 2005. Ms. Stacey reported that Ms. Butler had apparently told other employees about the comment alleged to have been made on January 31. She denied that this occurred, and there was no evidence to support or negate Ms. Butler's allegation. In addition, the allegation is beyond the 90-day limit specified in the Revised Complaint

DEFENDANT'S EXHIBIT U

Complaint, A. Butler, REY 954
June 1, 2005
Page 2



Procedures. (See **Attachment 2**). Therefore, this claim should be time barred from being processed further.

B. According to witnesses, Ms. Stacey did <u>not</u> run up to Ms. Butler on April 11 and accuse her of lying. Instead, Ms. Butler approached several employees that morning, and asked them if they had told Ms. Stacey that she (Ms. Butler) had accused her (Ms. Stacey) of using a racial slur on January 31. According to those employees, they indicated to Ms. Butler that she should address her questions/statements to Ms. Stacey, not them. Apparently, one of these discussions disrupted the work of many/most of the employees to the point that the contractors were unable to continue with their work. As a result, Ms. Stacey, who was supervising the crew that day, called Mr. Jackson to return to the work site to assist her in getting the work resumed.

Mr. Jackson stated that he returned to the work site, and "read the riot act" to the crew about the importance of getting their work assignments completed.

C. According to Mr. Jackson, he spoke with the employees who witnessed the incident of April 11. Based on their statements to him, he determined the incident would not have occurred if Ms. Butler had refrained from trying to discuss the matter with coworkers, after they had told her not to. Therefore, he gave Ms. Butler a written reprimand for disruptive conduct. (See **Attachment 3**). The employees' statements were also confirmed in interviews with Mark Waits (District Engineer), as described in his Initial Response to this complaint. Consequently, the written reprimand appeared to be justified.

D. The information on Ms. Butler's Employee Performance Appraisal (**Attachment 4**), and also described in the Initial Response to this complaint, indicated Ms. Butler's score was negatively affected by (1) the written reprimand of April 12, (2) her failure to obtain ACI certification within the rating period, and (3) the disruptive situation that occurred on April 11.

Based on the information obtained in this investigation, the reprimand appeared to be warranted; therefore, it was appropriate to include it in the Performance Appraisal. Ms. Butler did not possess the ACI certification required by departmental policy (see **Attachment 5**); therefore, it was also appropriate to indicate this on the Performance Appraisal (Responsibilities section).

Complaint, A. Butler, REY 954
June 1, 2005
Page 3

**CONFIDENTIAL**

    E. There was no evidence obtained which indicated Ms. Butler was issued the reprimand because of her race, rather than her behavior. Likewise, there was no evidence which indicated her Performance Appraisal score was based on her race, rather than her work habits and job performance. A review of departmental documentation indicated that other employees (black and white) have received Performance Appraisal scores that were lowered because they did not obtain the required ACI certification during the rating period.

    Mr. Jackson was not aware of, or involved with, any prior complaint filed by Ms. Butler. In addition, Ms. Butler provided no evidence to support her claim that Mr. Jackson gave her the reprimand and/or her Performance Appraisal score in retaliation for prior complaints.

Complaint, A. Butler, REY 954
June 1, 2005
Page 4

**CONFIDENTIAL**

In view of the investigation, its premises, and the aforementioned findings as a result thereof, the following is offered:

A. In the future, Ms. Butler should immediately report any violations of the department's racial harassment policy according to that written policy and procedures.

B. Ms. Butler should obtain the required ACI certification as soon as possible.

C. In the future, Ms. Butler should discuss conflicts or work issues with her supervisor(s), rather than coworkers who are not in positions to resolve these matters.

The complainant is advised by copy of this document that personnel of the Alabama Department of Transportation will refrain from perpetrating any retaliatory actions against her for coming forward with the aforestated complaint.

Respectfully submitted,

_Sandra M. Dietz_
Sandra M. Dietz, Investigator

6/1/05
June 1, 2005

____ Accepts

__✓__ Rejects

_Alverene D. Butler_
Alverene D. Butler, Complainant

_June 27, 2005_
June 27, 2005

**APPROVED**
_[signature]_
02-06-05

Complaint, A. Butler, REY 954
June 1, 2005
Page 5

**CONFIDENTIAL**

**Documentation Attached:**

Attachment 1:   ALDOT Racial Harassment Policy.

Attachment 2:   Revised Complaint Procedures, pp. 1-3.

Attachment 3:   Written reprimand, A. Butler, dated 4/13/05.

Attachment 4:   Performance Appraisal, A. Butler, dated 4/14/05.

Attachment 5:   Memos re. ACI certification, dated 7/24/01 and 7/18/01.

cc:   Mr. Robert Baugh
      Mr. Kell Simon
      Mr. Michael Cooper
      Mr. Jim Ippolito
      Mr. Randy Estes
      Ms. Alverene Butler

## EXHIBIT A

## POLICY PROHIBITING RACIAL HARASSMENT

The Equal Employment Opportunity statement of the Alabama Department of Transportation includes our commitment to the goal of treating all employees without regard to race, age, sex religion, national origin, or disability. Further, ALDOT has given instructions that acts of racial discrimination or harassment will not be tolerated, and will be subject to disciplinary action up to and including termination. So that there will be no doubt on this subject, this is to express in unmistakable terms that these policies prohibit the use of any and all racial slurs and racially derogatory words, phrases, and statements in any form. Any employee who uses any such language or commits any other act of racial discrimination or harassment will be subject to disciplinary action up to and including termination. Any supervisor who fails to report such actions after they are brought to his attention also will be subject to such disciplinary action.

I am directing that this policy and ALDOT's complaint procedures be distributed to each employee and conspicuously posted at each and every facility.

### Examples of Racial Harassment

ALDOT's prohibition against the use of racial terms or statements includes, without limitation, the following examples:

1. Derogatory language, including jokes, ridicule, and racial slurs;

2. Offensive conduct, including pranks, caricatures, and impersonations;

3. Offensive writings or illustrations, including racially offensive literature and publications, cartoons, pamphlets, fliers, drawings, booklets, and magazines.

4. Creating a hostile environment, including isolating, assigning, disciplining or selecting individuals because of their race or national origin.

5. Engaging in any of the conduct described above in retaliation against an employee for making or assisting in the investigation of a complaint.

### Complaints of Discrimination or Harassment

Complaints of harassment through conduct as described above are not merely a personal matter. ALDOT has an obligation to investigate complaints and take necessary steps to ensure that any form of racial harassment does not occur.

Any employee who believes he or she has been subjected to racial slurs, derogatory words, remarks, or other forms of harassment, or who becomes aware of any such situation, should report the matter immediately so that a prompt investigation can be conducted and appropriate action taken for any violation of this policy.

The following procedures are available and should be used:

1. An employee who believes that he or she has been subjected to racial slurs, derogatory words or remarks, or otherwise harassed, or who is aware of such a situation, should submit a written report or complaint to the Equal Employment Coordinator (Ron Green), or to any of ALDOT's Equal Employment

Officers. Mr. Green's office may be reached by calling (334) 242-6336, or in writing at 1409 Coliseum Boulevard, Room N-101, Montgomery, Alabama 36130-3050. If the person to whom you would otherwise make your report is involved in the allegations, it may be submitted directly to the Director. The report or complaint shall identify the person or persons involved, the nature of the offensive conduct, and the names of any witnesses. The report or complaint should be made within fourteen calendar days after the person making the report learns of the incident being reported.

2. The EEO Coordinator, or his designee, will investigate the matter and recommend a course of action. The complaint will be investigated confidentially, to the extent possible.

3. In determining whether the alleged conduct constitutes discrimination or harassment, the totality of the circumstances, the nature of the alleged conduct, and the context in which the incident occurred will be investigated and considered.

4. The complainant will be informed of any action which is to be taken, or any decision that no action should be taken.

ALDOT will not permit or condone any act of retaliation against employees who report or complain of discrimination or harassment or who participates in an investigation of any such complaint. Instances of retaliation should be reported in the manner described in this section, and will be treated as reports of racial harassment.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY REYNOLDS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CV 85 T 665 N |
| v. ) | |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| TRANSPORTATION, et al., ) | |
| ) | |
| Defendants. ) | |

REVISED COMPLAINT PROCEDURE

Pursuant to the Court's order, defendant Alabama Department of Transportation submits the following revised complaint procedure:

NOTICE: THIS REVISED PROCEDURE REPRESENTS A SUBSTANTIAL CHANGE FROM THE PRIOR PROCEDURE, AND CONTAINS SIGNIFICANTLY DIFFERENT DEADLINES FOR TAKING ACTIONS NECESSARY FOR THE PROCESSING OF GRIEVANCES. PLEASE READ THIS PROCEDURE CAREFULLY.

GRIEVANCES. The Consent Decree and Departmental Policy mandate that all all employees enjoy a work-place free from discrimination. The most effective accomplishment of the work of the Department requires prompt consideration and equitable adjustment of employee grievances involving discrimination. It is the desire of the Department to adjust grievances informally, and both supervisors and employees are expected to make every effort to resolve problems as they arise. However, it is

recognized that there will be grievances which will be resolved only after formal appeal and review. A grievance shall be properly commenced by submitting it on an official form, signed by the grievant, within the time limit set out below. A grievance so filed shall be processed in accordance with the following provisions of this section. Within the time limits allowed for the pending step or action, any requests for extension of any time limit herein may only be granted by the Director or his designee.

DEFINITION OF COMPLAINT OR GRIEVANCE: A grievance is an alleged wrong based upon the employee's race, color, creed, sex, national origin, age, or handicap. Any matter concerning allegations of discrimination or a violation of the Consent Decree, or arising from or concerning matters that are the subject of the Consent Decree, will be admitted for adjustment. Complaints not involving allegations of discrimination or matters that are the subject of the Consent Decree shall not be adjusted under this Rule.

GRIEVANCE PROCEDURE. Any (a) employee, (b) employee who has been terminated, or (c) applicant for full-time employment, may register a grievance/complaint. Grievants are assured of freedom from restraint, interference, discrimination or reprisal for presenting a grievance. The grievant may be represented by counsel of his choosing throughout the grievance process.

STEP I.    (1)    The grievance, to be properly commenced, must be submitted on an official grievance form to the immediate supervisor within 90 days of the

2

alleged incident. Provided, however, that if the complainant's immediate supervisor is a subject of the grievance, then a grievance may be properly commenced by submitting a grievance form to the Division EEO representative. Official grievance forms must be readily available to all employees and applicants. A copy of the complaint must be filed with the EEO Monitor and the attorney for the plaintiff class within Two (2) working days to be docketed and logged. Grievances or complaints received by plaintiffs' counsel shall be forwarded to the EEO Monitor or his designee within Three (3) working days of receipt by such counsel, and grievances received by the EEO Monitor or his designee will be forwarded to plaintiffs' counsel within Three (3) working days from receipt of such grievance. A copy of the complaint must be provided by the EEO Monitor to any employee made the subject of the grievance. All such complaints, to the best

 

# ALABAMA DEPARTMENT OF TRANSPORTATION
SIXTH DIVISION
OFFICE OF THIRD DISTRICT ENGINEER
POST OFFICE BOX 3097
MONTGOMERY, ALABAMA 36109
TELEPHONE: (334) 242-6572
FAX: (334) 834-7941

Bob Riley
Governor

April 13, 2005

Joe McInnes
Transportation Director

Ms. Alverene Butler, EA II/III
Third District
Sixth Division
Alabama Department of Transportation

RE: Reprimand

Dear Ms. Butler,

Please consider yourself reprimanded for your actions on the morning of April 11, 2005 at the project office and on the project. You violated the following work rules:

670-x-19-.01 (d) Inattention to job-doing anything distracting on the job
       (g) Disruptive conduct of any sort.

In a memo dated December 7, 2001, Mr. Waits defines cooperation with co-workers as "the extent to which an employee works with and does not hinder co-workers to ensure that work unit goals and directions are accomplished." I believe your actions hindered your co-workers.

When I talked to you on the afternoon of April 8, 2005, I told you that I was going to look into the events of January 31 and I told you it would take time and also asked you to give me a chance to investigate the matter and discuss this with Mr. Waits. I told you that I had not discussed this with anyone at the project office other than Ms. Stacey.

Your actions Monday morning (4/11/05) brought work to a complete halt. Not only were your co-workers unable to complete the work that they had been assigned; but I was unable to look into this matter because I had to return to the jobsite and make sure this work was accomplished. You were told by your co-workers they did not wish to talk about this matter with you, yet you persisted to such an extent that work was halted.

I consider your actions a serious violation of work rules. Your behavior stopped the recording of work performed by the contractor, and could have caused the contractor not to get paid for work that was being performed. I want you to understand that the reason for our positions with ALDOT is to record and inspect work being done by the contractor on a project, and any action that takes away from this will not be tolerated by me.

Any further actions of this sort or any other interruptions of work caused by your behavior will lead me to ask for immediate suspension, pending a recommendation for dismissal from your position with this Department.

Sincerely,

Patrick T. Jackson

pc: Mr. Mark Waits
    Mr. Ed Phillips
    Ms. Terri Hilyer
    Mr. Doug Furlow

Form 13
Revised (1/1/1999)

**EMPLOYEE PERFORMANCE APPRAISAL**
STATE OF ALABAMA
Personnel Department

Number _____ of Steps

Employee Name: __Alverene Butler__   Social Security Number: __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__

Agency: __012/Transportation__   Division: __0060/6th Division-Montgomery__

Classification: __Engineer Assistant II/III__   Class Code: __20115__

Period Covered From: __05/01/2004__ To: __05/01/2005__   Annual Raise Effective: __July 2005__

---

***APPRAISAL SIGNATURES:*** Signatures are to be provided after the form has been completed.

| Rating Supervisor | Employee | Reviewing Supervisor |
|---|---|---|
| SSN 418 - 04 - 6205 | | SSN 418 - 46 - 4949 |
| Signature | Signature | Signature |
| Date 4/12/05 | Date 4-14-05 | Date 4-13-05 |
| Initial if comments are attached | Initial if comments are attached | Initial if comments are attached |

---

**PERFORMANCE APPRAISAL SCORE:** Locate the Responsibility Score on the back of this form and write it in the appropriate space. Locate the Disciplinary Score, also on the back of this form, and write it in the appropriate space. The Disciplinary Score is subtracted from the Responsibility Score to derive the Performance Appraisal Score.

__17.5__       −       __7.0__       =       __10.5__
Responsibility Score           Disciplinary Score           Performance Appraisal Score

This employee's work:

| ☐ | [X] | ☐ | ☐ | ☐ |
|---|---|---|---|---|
| Does Not Meet Standards (6.6 or below) | Partially Meets Standards (6.7 – 16.6) | Meets Standards (16.7 – 26.6) | Exceeds Standards (26.7 – 36.6) | Consistently Exceeds Standards (36.7 – 40) |

---

**WORK HABITS:** Check the appropriate box for each work habit area. If "Noncompliance" is to be marked, a step of the discipline system (warning, reprimand, suspension) must have been taken with the employee during the appraisal period. See the Disciplinary Actions area on the back of this form for disciplinary documentation.

|  | Compliance | Noncompliance |
|---|---|---|
| Attendance | x |  |
| Punctuality | x |  |
| Cooperation with Coworkers |  | x |
| Compliance with Rules |  | x |

**RESPONSIBILITIES:** List an abbreviated version of the employee's responsibilities below as documented on and discussed during the Preappraisal. Record the appropriate rating in the box for each responsibility. Rating(s) of appropriate responsibilities should reflect any disciplinary action(s) that has been taken during this appraisal period.

| 0 | 1 | 2 | 3 | 4 |
|---|---|---|---|---|
| Does Not Meet Standards | Partially Meets Standards | Meets Standards | Exceeds Standards | Consistently Exceeds Standards |

*Responsibility* *Rating*

1. Inspects highway and bridge construction — 2
2. Computes reports — 1
3. Performs field tests — 1
4. Maintains accurate records — 1
5. Maintains construction equipment and vehicles — 3
6. Communicates with supervisor, co-workers and contractor personnel — 1
7. Performs engineering tasks — 2
8. Transposes information from daily reports — 3
9. ___
10. ___

**RESPONSIBILITY SCORE:**

$\underline{14}$ ÷ $\underline{8}$ = $\underline{1.75}$ x 10 = $\underline{17.5}$

Total of Responsibilities/Results Ratings — Number of Responsibilities — Average Responsibility Rating — Responsibility Score

**DISCIPLINARY ACTIONS:** Any disciplinary action taken with the employee during this appraisal period is to be listed below. For each area, list the specific disciplinary step taken, the date of action, and the reason or unwanted behavior it involved. Copies of disciplinary documentation are to be maintained in the agency's personnel files. Remember, appropriate responsibilities and work habit(s) should reflect the fact that performance required disciplinary action.

04/12/05 - Letter of Reprimand for Cooperation with co-workers - disruptive conduct (see attached).

**DISCIPLINARY SCORE:** This section should include the use of the discipline steps of reprimand and suspension only. The Disciplinary Score does not include warnings (oral). Warnings are documented only in the Work Habits and Disciplinary Actions areas. Identify the most severe step of the discipline system that has been utilized with the employee during this appraisal period. If the most severe step was one or more reprimands, the Disciplinary Score will be 7. If the most severe step was one or more suspensions, the Disciplinary Score will be 17. Otherwise, the Disciplinary Score will be zero.

DISCIPLINARY SCORE: __7__



# ALABAMA
# DEPARTMENT OF TRANSPORTATION

SIXTH DIVISION
OFFICE OF DIVISION ENGINEER
P.O. BOX 8008
MONTGOMERY, ALABAMA 36110-8008
Telephone: (334) 269-2311
Fax: (334) 263-2599

DON SIEGELMAN
GOVERNOR



PAUL BOWLIN
TRANSPORTATION DIRECTOR

July 24, 2001

## Memorandum

**TO:** District Engineers
Project Engineers

**FROM:** James M. Kelley
Acting Division Construction Engineer

**RE:** Concrete Technician Certification

Attached please find a memorandum from Mr. Terry McDuffie, State Construction Engineer, in regard the proper Certification for Concrete Technicians. Please make sure that all personnel working as a concrete inspector on ALDOT construction projects have an ALDOT concrete certification.

This is for your information and further handling. If any additional information is needed, please advise.

JMK/jmk
Attachments
C: Mr. Richard Knotts
   File

# INTERDEPARTMENT MEMORANDUM



**ALABAMA
DEPARTMENT OF TRANSPORTATION**
1409 COLISEUM BOULEVARD
MONTGOMERY, ALABAMA 36130-3050

July 18, 2001

TO: Division Engineers

FROM: Terry McDuffie
Construction Engineer

RE: Concrete Technician Certification

It has been brought to our attention that there are some construction projects with concrete inspectors who are not properly certified.

In Article 501.05 the specifications state that "concrete will be accepted in accordance with the procedures noted in ALDOT-170". Item 7.6 of ALDOT-170 indicates that the control of mixing operations will be handled in accordance with the requirements as given in ALDOT-352. Item 6.3 of ALDOT-352 states that personnel who will inspect any concrete operation must be certified as ALDOT Concrete Technicians.

This letter should serve as notice that all persons working as concrete inspectors on ALDOT construction projects shall possess an ALDOT concrete certification. NICET, ACI and PCI certifications are acceptable only as prerequisites in securing certification as an ALDOT Concrete Technician.

Please provide this information to all project personnel for their information and use.

TM/RWH
pc: Mr. G. M. Harper
Mr. Larry Lockett
Mr. Frank Courson
File