| CHARGE OF DISCRIMINATION<br>form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | AGENCY<br>[ ]  FEPA<br>[x]  EEOC | CHARGE NUMBER<br>130-2005- 04330 |
|---|---|---|

_____ and EEOC

Slate or local Agency, if any

| NAME (indicate Mr., Ms., Mrs.)<br><br>Ms. Alverene Dixon Butler | HOME TELEPHONE (include area code)<br><br>(334) 613-1841 | |
|---|---|---|
| STREET ADDRESS<br><br>2137 Beverly Drive Montgomery, AL 36111 | CITY, STATE AND ZIP CODE | DATE OF BIRTH<br><br>10-03-56 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>Department of Transportation | NUMBER OF EMPLOYEES, MEMBERS<br><br>More than 15 | TELEPHONE (Include Area Code) |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

| NAME | TELEPHONE NUMBER (Include Area Code) | |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))<br><br>[x] RACE      [ ] COLOR      [ ] SEX      [ ] RELIGION      [ ] AGE<br>[x] RETALIATION    [ ] NATIONAL      [ ] DISABILITY    [ ] OTHER (Specify)<br>                  ORIGIN | DATE DISCRIMINATION TOOK PLACE<br>EARLIEST (ADEA/EPA)          LATEST (ALL)<br><br>[ ] CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Attached hereto and incorporated herein as if fully setforth herein.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT<br><br>*Alverene D. Butler* |
| Date    *Alverene D. Butler*  Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME ON<br>(DAY, MONTH, AND YEAR) |

EOC FORM 5 (Test 10/94)

EXHIBIT
2

PENGAD 800-631-6989

**STATE OF ALABAMA**
**COUNTY OF MONTGOMERY**

My name is Alverene Dixon Butler, I solemnly swear the following is true and correct in

every particular:

1.      I am a 48 year old female of African-American decent, and I have been an employee of the Department of Transportation State of Alabama for eleven years. I am of sound mind and body.

2.      I initially filed a charge of discrimination with the Equal Employment Opportunity Commission back in 1998. I alleged unlawful retaliation. I subsequently filed charges of discrimination in February, 2003, alleging race discrimination and unlawful retaliation, and sexual harassment. I never received a right-to-sue letter on the 1998 charge, but I did receive a right-to-sue letter on the February, 2003 charge.

3.      Although I consulted a lawyer about filing a lawsuit on the February 2003 charge, said lawyer was unwilling to take my case on a contingency basis and required a minimum fee of $5,000.00, which I could not afford. I was assigned an attorney pursuant to the instructions of the ALDOT's EEOC office and was informed that I did not have a choice as to my representative and was assigned an attorney. Prior to this hearing, I had no consultation with this attorney and likewise, feel that I was ill represented in my EEOC proceedings. Subsequent to the hearing in this case, it was determined that my charges were substantiated, however, ultimately, the court ruled in ALDOT's favor.

4.      Ever since I filed my February, 2003 charge of discrimination, I have been on the receiving end of unlawful harassment and other forms of retaliation, creating a cold and hostile work environment. Which I am being blamed by my co-workers for creating an unharmonious work environment due to my reporting charges of discrimination and harassment. The most recent instance to which I have been subjected, are reflected in the two attached complaint forms filed with the Alabama Department of Transportation. Said complaints are attached hereto as Exhibits A and B and incorporated herein, the same as if more fully set forth herein.

5.      I continue to this day to experience this cold and hostile work environment at the Department of Transportation. It has become more than I can tolerate. It has caused me considerable mental and emotional anguish, loss of sleep and other physical symptoms related to the anguish I have experienced.

6.    I have requested Attorney Julian McPhillips of the law firm McPhillips Shinbaum, L.L.P. to represent me in this matter. Any further communications with me should be through either Mr. McPhillips or his senior legal assistant, Ms. Amy Strickland, 516 S. Perry Street, Montgomery, Alabama (334) 262-1911.

Submitted this the 27ᵗʰ day of April, 2005.

_____
Alverene Dixon Butler

State of Alabama

County of Montgomery

I hereby acknowledge that Alverene Dixon Butler personally appeared before me on this the 27ᵗʰ day of April, 2005, who did state that the foregoing statement is true and correct in every particular.

_____
Notary Public
My Commission Expires_____

Date Executed _____

ALABAMA DEPARTMENT OF TRANSPORTATION

*Complaint Form*

| Name | Address |
|---|---|
| Alverene Dixon Butler | 2137 Beverly Drive |

| SSN | Race/Sex | Division/Bureau | District/Section | Job Classification |
|---|---|---|---|---|
| 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 | Blk/Female | Sixth | Third | Engineering Asst. II/III |

| Signature | |
|---|---|
| Alverene D. Butler | Date Submitted |

| Date (HR Bureau use only): | Docket # (HR Bureau use only): |
|---|---|

If your complaint is <u>not</u> based on discrimination, please check here:  None ___

If your complaint <u>is</u> based on discrimination, please check one of the following:

Age ___   Consent Decree Violation ___   Disability ___   National Origin ___

Race ✓   Religion ___   Retaliation ✓   Sex/Gender ___

Area in Which You Were Affected (*You must check one*):

Compensation ___   Disciplinary Action ✓   Hiring ___   Job Assignment/Duties ___

Retaliation ✓   Training ___   Transfer ___

Other (*explain*) _____

Date of Incident: Jan. 31, 2005, April 11, 2005 & April 13, 2005

Summary of Complaint (*including the name of the employee against whom this complaint is being filed*):

Karen Stacey       (See Attachments)
Jesse Taylor
Todd Jackson

April 14, 2005 - Received my yearly apprasial of 10.5

Names of Witnesses: Reeser Knight, Melvin Wynn, James Feagin, & Kelvin Johnson

Your Suggested Resolution: That Karen Stacey is punished severly for her actions, Jesse Taylor be reprimanded for his part in having Karen to approach me, and then helping her lie to Todd, Then Todd receiving punishment for upholding Karen and not professionally investigating her claims before taken actions against me on both occasions.

Please return to:   (1) Your immediate Supervisor or
(2) Your Division EEO Representative or
(3) ALDOT Human Resources Bureau (Attention: Title 7 Coordinator)
1409 Coliseum Blvd.  Montgomery, AL 36130

Revised 1/11/02

On January 31, 2005 @ approximately 12:51 p.m., Karen Stacey and I were in a state vehicle on the Southern Blvd., heading west. Ms. Stacey was driving. It was slightly raining. She entered the left turning lane to attempt to turn into Taco Bell. As she was entering the turning lane, another vehicle had just turned out of the Entec Service Station, next door to Taco Bell, heading east. A little ways back by Shoney's, another vehicle was approaching in the same lane as the vehicle that had just left Entec. Ms. Stacey attempted to make it across to Taco Bell. At that point, I yelled to her to "hold up"! The vehicle that had come out of Entec slowed down, assuming that we were about to hit him. She then came to a halt. But as he slowed down, apparently she thought that he had slowed down to let her on across but he had not because he resumed his speed because there was a car behind him. All of a sudden she stepped on the gas, which at that time I yelled again, "hold up, wait"! She slammed on the brakes but by then it was too late; we had hit the car.

She immediately started placing blame on him and asked me, "did you see that? Did you see that so and so hit me"? All I could do was look at her in disbelief! She immediately jumped out of the vehicle and approached the driver of the vehicle and yelled to him " mister, you hit me! The driver's mouth just dropped open. I jumped out of the vehicle and walked up to the man's vehicle where she was standing, just as he was saying, "no, I didn't, you hit me. She started to argue at him and I told her to just get back in the truck and call the police. The police arrived about fifteen minutes or more later. Prior to the police arriving, my supervisor had sent another coworker to the scene to check on us. He asked me what had happened and I told him. I also told him at this time the ugly things she had said about this man, how she was trying to lie and say that the man had hit us, and how upset I was. Besides, looking at the vehicles, it was oblivious as to who hit whom.

When the police officer arrived, he asked both drivers to pull their vehicles into Taco Bell's parking lot. Once there, the officer asked them both for their license and asked her to come get into his car. The man, nor his passenger ever got out of the car. They were both elderly, a man and a woman, who I assumed were married. Once I got out of the truck and started walking around, I had a sharp pain that shot through my chest. I ignored it because I was shaken up and thought it may have been anxiety because I suffer with panic attacks. By this time my supervisor had arrived and I was still outside the truck talking with my coworker. As I started walking towards my supervisor, another pain hit me in the chest. My supervisor asked me "what happened"? I told him that I couldn't talk about it right then because I was having chest pains and asked him what he thought I should do? He quickly responded, "get to the emergency room and get it checked out"! He asked my coworker to take me. At this time, Ms. Stacey was still in the officer's patrol car and the other people involved were still in theirs. She and the officer had been in the vehicle approx. twenty minutes by the time I left.

I went to the patrol car and knocked on the window and told her that I was having chest pains and that our supervisor had asked our coworker to take me to the emergency room to have it checked. She responded " just wait! You don't need to go to no hospital. You

know how you get when you get upset. It's probably just anxiety". I didn't respond. I just gathered my things from the truck and went with my coworker to get checked. I started hurting down my left arm and asked my coworker to hurry because I was frightened. He did. He stayed with me until he found my daughter.

My supervisor came also to check on me and shortly afterwards, Ms. Stacey arrived. I told my supervisor that I really didn't want to see her and began to tell him why. He stated, " I'm not getting in yours and Karen's mess". (Melvin was present when I made this attempt). I commented to Melvin, he (Todd), didn't want to hear what I had to say because he knew she was wrong. Melvin only replied, well, you tried. By then she was telling everybody that she came in contact with that the other vehicle had hit us. She further stated to my supervisor and to his supervisor "that I couldn't have sustained any injuries because we were sitting still when we were hit". She also told my daughter and the doctor this and stated that I was "delirious" and didn't really remember what happened. All these are lies!

The doctor took an EKG and ran several x-rays. I was put on medication and (2) days of bed rest The following day, I got a call from Mark Waits office telling me that I had an appointment with the workman's comp doctor that afternoon. He too, gave me a prescription and put me on bed rest and gave me a date to return. Then a couple of days later I received a call from workman's comp stating that my claim would probably be denied because we were not on the jobsite, yet headed to lunch. I explained to the lady that I was in construction and our personal vehicles are left at our office, which is about (15) miles from our site, and that almost everybody in construction goes to lunch in a state vehicle because of this reason.

After I came off bed rest, I went and obtained a copy of the police report. It appears that the officer wrote exactly what she said happened. I got the name of the driver off of the report and called to check them, as I had been concerned about them every since the accident because they were old. The man's name was Rev. Nathaniel Smiley and the woman was his wife. He stated to me that the officer never asked him any questions and never before had he seen an accident conducted like that.. He said that after I left, the officer kept Ms. Stacey in his patrol car for an additional fifteen or twenty minutes, got out of the patrol car and walked over to his car, returned his license, told him that he had everything he needed and that he could leave. He further stated that he knows he did not hit us and wanted to know what I told the police. I told him the police, nor anyone else had asked me anything, but that I wasn't lying for anybody. He asked me would I call his insurance agent and tell him the truth. I told him I would not do that but if his insurance company contacted me, I would tell the truth. I had already told Mark Waits secretary after I left the hospital that that man had not hit us, but in fact, we had hit him. I also told her the horrible things Karen said about the man and made my position clear that I would not be lying for anyone.

Now, here it is (3) months later, and after Karen has been asked by Blue Cross/Blue Shield to submit her personal insurance information, that she has starting asking my co-

worker did I tell them of her behavior that day. Then she turns around and goes to my supervisor with a complaint against me, which he accepts without questioning my co-workers or with any intentions of doing so. Then on Monday, April 11, 2005, while we were at the jobsite, Karen ran up in my face and starting accusing me of lying on her. Everybody out there saw that I was on the phone and minding my own business. Afterwards, she calls Todd and tells him more lies and he comes to the jobsite going off and I tried to tell him what had happened and he tells me to "hush", just be quiet! Once again, not wanting to hear what I had to say.

On Wednesday, April 13, 2005, when Todd arrived on the jobsite, he called me over to his vehicle to present me with a letter of reprimand! He began to explain that it was because I had asked co-workers Monday morning about the situation and because I caused a commotion on the jobsite. He further stated that my co-workers had told me that they didn't wish to talk to me about this matter, yet I persisted. This is a flat out lie. No co-worker told me this because I didn't "discuss" it. I simply asked the question and they simply answered. No one I spoke to made that statement to me. I was not the one running to co-workers every day with the issue, she was. There were several witnesses present, Reeser Knight, Melvin Wynn, James Feagin, and Kelvin Johnson. None of these people were questioned, yet Todd said my co-workers said that I was the one responsible of work being stopped. We were all working until she, (Karen), confronted me. This is unacceptable and the letter of reprimand should be removed from my file and given to the responsible party or parties.

I personally feel that I am being treated this way because of retaliation of claims I've previously made against the Department and retaliation for not lying for the Department about the accident. I am sick and tired of being labeled a "trouble maker" by this Department because I stand up for myself and refuse to accept their racist and discriminatory practices. Nor do I intend to continue being retaliated against, harassed, or intimidated by personnel at this Department.

ALABAMA DEPARTMENT OF TRANSPORTATION

*Complaint Form*

| Name | | Address | | |
|---|---|---|---|---|
| Alverene Dixon Butler | | 2137 Beverly Drive | | |
| SSN | Race/Sex | Division/Bureau | District/Section | Job Classification |
| 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 | Blk/Female | Sixth | Third | Engineering Asst. II/III |
| Signature | | | | Date Submitted |
| Alverene D. Butler | | | | 04/15/05 |

Date (HR Bureau use only): _____    Docket # (HR Bureau use only): _____

If your complaint is **not** based on discrimination, please check here:    None ___

If your complaint **is** based on discrimination, please check one of the following:

Age ___    Consent Decree Violation ✓    Disability ___    National Origin ___

Race ✓    Religion ___    Retaliation ✓    Sex/Gender ___

Area in Which You Were Affected *(You must check one)*:

Compensation ✓    Disciplinary Action ✓    Hiring ___    Job Assignment/Duties ___

Retaliation ✓    Training ___    Transfer ___

Other *(explain)* _____

Date of Incident: April 14, 2005

Summary of Complaint *(including the name of the employee against whom this complaint is being filed)*:

Unfair Apprasial Grade and defamation of character. Relaliation
Todd Jackson, Supervisor
(See Attachment)

Names of Witnesses:

Your Suggested Resolution: (See Attachment)

Please return to:    (1) Your immediate Supervisor or
(2) Your Division EEO Representative or
(3) ALDOT Human Resources Bureau (Attention: Title 7 Coordinator)
1409 Coliseum Blvd. Montgomery, AL 36130

Revised 1/11/02

On Thursday, April 14, 2005, my supervisor, Todd Jackson, came to the jobsite at approx 3:00 p.m. and asked me to come get in his vehicle because he needed to go over my yearly Apprasial with me. I got in his truck and when he pulled the papers from the envelope, I immediately noticed that my begining score was 17.50 and my final score was 10.50. He started off by saying that my Form 40 was different from the rest of my co-workers in the field, and that whereas he would have to take off (2) points on certain tasks on my co-workers with the other type of Form 40's, he had to take off (3) points each on my tasks. He said these points were being deducted because I had failed the ACI class in November, 2004. I really had no inititive to take the class in November after learing that some of the white employees had taken this test in the Training Coordinator's, (Barbara Sims) office. So, I didn't pass it, but I just took this class again April 5-8, 2005. Whether I had the certification or not at the time of this Apprasial, I've still been performing these tasks accurately on the jobsite for the last (4) years.

Todd also stated "and you know, a reprimand takes off a lot too". First of all, I shouldn't have had a reprimand in the first place. Karen Stacey should have had the reprimand for disruptive conduct. She approached me and started going off. She disrupted the job that day and brought the job to a halt, not me. In my (11) years of service to ALDOT, I have never had a letter of reprimand, nor have I had a scores as low a this on my Apprasials except for the supervisor who I was being sexually harassed by and now, a supervisor who's upset because I reported his "star" employee about lying about the accident and then making rasical slurs against the black man that SHE hit. He also put on my Apprasial that I failed to cooperate with co-workers. I have never in my career with ALDOT had a problem with any co-worker or been accused of not cooperating with any of them. This is a fact that can easily be checked.

Karen Stacey was given high points on her tasks and has not ran compactions, taken slump test, or made cylinders on the jobsite. She and I have been doing the same job since I have been under the supervision of Todd Jackson. The only (2) things she's done that I haven't were computing cross-sections and the estimate, which I have repeatedly asked to be shown. She would not teach me how to do the estimate but she taught David Jones, (another white co-worker) right in my face. And when I would remind her that she was supposed to be teaching me, her comment was always the same, "I'll show you the next time because we are already into this one". Karen and I rode together, worked together and had the same job duties every day for the last year, so how could my Apprasial grade be any lower than her's? And as I previously stated, I even performed field test that she did not becuase she didn't know how, but her Apprasial doesn't reflect this.

Todd even made her the Chied Inspector on (2) jobs, knowing that she wasn't qualified but she was coming up for a CE position and she told Todd she could use this as her experience. Karen has not had as much field experience as I've had and I know that I'm not qualified to be a Chief Inspector. There are too many other co-workers that work with us who are more qualified to be Chief Inspectors and those are the people who should hold these positions. We are to learn from them so that later on down the line we can become Chief Inspectors. Karen and my experience had solely been in office work. I came out in the field in 2002. Karen has barely been in the field a year.

How can my supervior justify the difference in our grades on our Apprasials? For the past year I've done everything she has done, and more for the exception of the estimate and computering the cross-sections. These are the same tactics that got "Reynolds" lawsuit started and here it is (20) years later White superviors are still getting away with this type of behavior. Then they turn around and indirectly threaten your job or threaten you with being transferred. My Supervisor has even gone to the length of having "sheets of transfers" typed up, telling us to sign them if we don't like the way he was running things. This came about due to another incident involving Karen Stacey.

I know without a shadow of doubth that I would have had a satifistory Apprasial grade if I had not told of Karen's action the day of the accident. I'm requesting, at this time, in writing, a full investigation into my allegations. With **All** co-workers questioned about my work behavior and my conduct on the job, and the same in regards to Karen Stacey. This Apprasial grade and Letter of Reprimand are bogus and unexceptable.

Sincerely,

Alverene Dixon Butler

cc: Attorney Julian McPhillips
    Mr. Doug Furlow
    Mr. Ed Phillips
    Ms Terri Hilyer

EEOC Form 161 (3/98)                **U.S. L**  **JAL E**MPLOYMENT **O**PPORTUNITY **C**OMM   **ION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Alverene Dixon Butler<br>2137 Beverly Drive<br>Montgomery, AL 36111 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street South<br>Suite 2000<br>Birmingham, Alabama 35205 |

☐  *On behalf of person(s) aggrieved whose identity is*
  *CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **130-2005-04330** | **Kevan J. Jackson, Investigator** | **(205) 212-2128** |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐  While reasonable efforts were made to locate you, we were not able to do so.

☐  You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosure(s)                    _Bernice Williams-Kimbrough, District Director_          12/28/05
                                                                              *(Date Mailed)*

cc:
**Julian L. McPhillips, Jr.**
**McPhillips Shinbaum, L.L.P.**
**Attorneys and Counselors At Law**
**516 South Perry Street**
**Montgomery, Alabama 36104**

**R. Mitchell Alton, III**
**Assistant Counsel**
**Alabama Department of Transportation**
**1409 Coliseum Boulevard**
**Montgomery, Alabama 361**

DEFENDANT'S EXHIBIT
BB