| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | AGENCY<br>[ ] FEPA<br>[x] EEOC | CHARGE NUMBER<br>130-2005-05221 |
|---|---|---|

_____ and EEOC
State or local Agency, if any

| NAME (indicate Mr., Ms., Mrs.)<br>Ms. Alverene Dixon Butler | HOME TELEPHONE (include area code)<br>(334) 613-1841 | |
|---|---|---|
| STREET ADDRESS<br>2137 Beverly Drive | CITY, STATE AND ZIP CODE<br>Montgomery, AL 36111 | DATE OF BIRTH<br>10-03-56 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>Department of Transportation | NUMBER OF EMPLOYEES, MEMBERS<br>More than 15 | TELEPHONE (Include Area Code) |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

| NAME | TELEPHONE NUMBER (Include Area Code) | |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[x] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] AGE
[x] RETALIATION  [ ] NATIONAL ORIGIN  [ ] DISABILITY  [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)   LATEST (ALL)

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Attached hereto and incorporated herein as if fully set forth herein.

RECEIVED
EEOC
JUN 2 7 20??
BIRMINGHAM DISTRICT OFFICE

EXHIBIT 6

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

06/23/05
Date

Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
Alverene D. Butler

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS DATE
(DAY, MONTH, AND YEAR)
06/23/05

EEOC FORM 5 (Test 10/94)

**STATE OF ALABAMA**
**COUNTY OF MONTGOMERY**

RECEIVED
EEOC
JUN 27 2005
BIRMINGHAM DISTRICT OFFICE

My name is Alverene Dixon Butler, I solemnly swear the following is true and correct in every particular:

1. I am a 48 year old female of African-American decent, and I have been an employee of the Department of Transportation State of Alabama for eleven years. I am of sound mind and body.

2. I have filed several charges of discrimination with the Equal Employment Opportunity Commission, beginning in 1998 through 2005. Most recently, I filed a charge of discrimination with the EEOC on April 27, 2005 alleging race discrimination and unlawful retaliation, and sexual harassment. My case is still pending with the investigation department with the EEOC.

3. However, since my filing of the April 27, 2005 charge, I have continually been harassed by Patrick T. Jackson, my immediate supervisor, and Mark Waits, District Engineer, and Ms. Karen Stacey. Mr. Jackson has been accepting information from Ms. Stacey, who is also named in my April 27, 2005 charge as to the time I come in and the hours I have worked. Mr. Jackson has not personally come to me and asked me anything, but has deducted my hours, based on this information from Ms. Stacey.

4. After several complaints were received by Mr. Jackson about Ms. Stacey and her keeping up with the hours, Mr. Jackson gave Ms. Stacey the title of Chief Inspector. Ms. Stacey is also the only employee allowed to come to work at 7:30 a.m. All other employees, including myself, are required to be at work at 7 a.m., and are docked, if we aren't on time.

5. One other black employee, Reeser Knight, also filed a charge of discrimination. Ms. Knight, Mr. Wynn, a black male, and I are the last to leave the office at night. Ms. Stacey is also fabricating the hours she has worked, since two employees and I were the only ones at work, after everyone has left.

6. I have also been subjected to cursing by Mr. Jackson. This is in clear violation of ALDOT's rules, and Mr. Jackson's rules. I have been accused of getting to work later than actually when I arrive. However, co-workers can vouch that I actually was at work on time, when wrongfully accused. My paycheck has also been deducted for the supposed hours I did not work. However, Ms. Stacey is allowed to turn in hours that she really did not work, and get paid for the same.

7. On one occasion Ms. Stacey claimed she worked 16 hours in one day, but the contractor on site can testify that she did not.

8. I also received any investigative report from the ALDOT concerning the allegations I made. The report is full of misrepresentations and lies. Attached is a copy of the rebuttal I prepared in response to the same. A hearing is currently set with the ALDOT on June 27, 2005.

9. On June 13, 2005, I was called by Mr. Jackson to the front office. Mr. Jackson asked me if I had picked up my FMLA papers. Mr. Jackson told me that Mark Waits called and wanted me to pick up my FMLA papers. Mr. Jackson then told me that Ms. Knight and I needed to go to the office to sign our EDP sheets. However, I never applied for FMLA. Mr. Jackson told Mr. Wynn to take me over to the district to pick up my FMLA papers, and then to the office to sign the EDP sheets. When I arrived at the district, I received a package stating that I had requested leave that might fall under FMLA. When we arrived at the office to sign the EDP sheets, we were told that we had already done so, and therefore did not need to come by the office.

10. At no time have I requested FMLA. However, I have been recently treated by a physician for the stress I have been under, but I took off only one day to deal with it. The doctor told me that I should take off two days, but I did not. Mr. Jackson approached me when I returned to work and told me to go home, because my excuse allowed me two days to be out of work. I had no choice but to leave work.

11. When I returned to work the next day, I told Mr. Jackson I was feeling fine. He told me that I should look into getting disability. I believe that Mr. Jackson is the one who began the paperwork stating I was applying for FMLA. I have never requested the same, and did not authorize Mr. Jackson to request the same for me. I believe that Mr. Jackson is trying to get rid of me.

12. Following the unnecessary trip to the office to sign the EDP sheets, Mr. Jackson approached Ms. Knight and me, and asked why they did not sign their EDP papers. Ms. Knight and I both told Mr. Jackson that the office staff advising them there was nothing they needed to sign.

13. Mr. Jackson then accused Ms. Knight and me of not getting the paper out of his mailbox. However, Mr. Jackson never asked us to get anything out of his mailbox. On June 14, 2005, I received a written reprimand for supposedly violating a direct order. This is the latest example of the unlawful harassment and other forms of retaliation, creating a cold and hostile work environment at the Department of Transportation.

14. I cannot continue to tolerate these conditions at work. It has caused me considerable mental and emotional anguish, loss of sleep and other physical symptoms related to the anguish I have experienced.

15. Further, I have seen Ms. Knight screamed at, humiliated, and reprimanded for disobeying an order which she did not disobey. Ms. Knight is 8 months pregnant, and Mr. Jackson got right into Ms. Knight's face during the last confrontation. Ms. Knight is being harassed also because of her race. I have a portion of the conversation between Mr. Jackson and Ms. Knight recorded on my cell phone. The contractor on the property pulled up during the altercation between Ms. Jackson and Ms. Knight to ask if anything is all right. The contractor can be contacted to verify the incidents described above.

16. I believe that, if I get one more letter of reprimand, I will be terminated. However, I believe management is trying to force me out of ALDOT. Further, Ms. Knight has been approached about siding with Mr. Jackson, against Ms. Butler, regarding the allegations in the charge of discrimination.

17. I have requested Attorney Julian McPhillips of the law firm McPhillips Shinbaum, L.L.P. to represent me in this matter. Any further communications with me should be through either Mr. McPhillips or his senior legal assistant, Ms. Amy Strickland, 516 S. Perry Street, Montgomery, Alabama (334) 262-1911.

Submitted this the 23rd day of June, 2005.

RECEIVED
EEOC    /s/ Alverene Dixon Butler
JUN 2 7        Alverene Dixon Butler

BIRMINGHAM DISTRICT OFFICE

State of Alabama

County of Montgomery

    I hereby acknowledge that Alverene Dixon Butler personally appeared before me on this the 16th [23rd] day of June, 2005, who did state that the foregoing statement is true and correct in every particular.

Notary Public
My Commission Expires 8/5/05

Date Executed 6/23/05

RECEIVED
EEOC

JUN 27 2005

BIRMINGHAM DISTRICT OFFICE

8/12/05
Hearing Date

EEOC Form 161 (3/98)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

*Calendar 90 days*
*3/29/06 time expires to file suit.*

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Alverene Dixon Butler<br>2137 Beverly Drive<br>Montgomery, AL 36111 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street South<br>Suite 2000<br>Birmingham, Alabama 35205 |
|---|---|---|---|

[ ]   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 130-2005-05221 | **Kevan J. Jackson, Investigator** | (205) 212-2128 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this c[harge].

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** T[his is the] notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     12/28/05
Bernice Williams-Kimbrough, District Director     (Date Mailed)

Enclosure(s)

cc:  Julian L. McPhillips, Jr.                    R. Mitchell Alton, III
     McPhillips Shinbaum, L.L.P.                   Assistant Counsel
     Attorneys and Counselors At Law              Alabama Department of Transportation
     516 South Perry Street                        1409 Coliseum Boulevard
     Montgomery, Alabama 36104                     Montgomery, Alabama 3611[0]

**DEFENDANT'S EXHIBIT**