IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALVERENE BUTLER, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) CASE NO. 2:06-cv-00278-MEF-CSC |
| ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COME NOW Defendants, the Alabama Department of Transportation, Joe McInnes, Patrick Todd Jackson, and Mark T. Waits, and file this reply to Plaintiff's Response (Doc. No. 29) to Defendants' Motion for Summary Judgment (Doc No. 25), Brief in Support (Doc. No. 26), and Evidentiary Materials in Support (Doc. No. 27). Included in this Reply is the basis for Defendants Motion to Strike.

Defendant's Motion To Strike

Defendant's move to strike the portions of Melvin Wynn's affidavit which deal with the purported slur uttered by Karen Stacey during the automobile accident.

Defendants, in their previous brief, cited case law holding that Butler's reporting of Stacey's alleged slur did not rise to the level of a "protected activity" as contemplated by Title VII. *Little v. United Technologies, Carrier Transicold Division*, 103 F.3d 956 (11th Cir. 1997); *Silver v. KCA, Inc.,* 586 F.2d. 138 (9th Cir. 1978). Plaintiff has submitted neither case law nor argument in opposition to this position. The participation in a protected activity is the first of the elements a plaintiff must show to establish a *prima facie* case of retaliation. *Godoy v. Habersham County,* 2006 WL 3592415 (11th Cir. 2006); *Gupta v. Florida Board of Regents,*

212 F.3d 571, 586 (11th Cir. 2000). It is, therefore, without dispute that Plaintiff cannot prove one of the essential elements of her claim of retaliation as it relates to Defendants' purported retaliation against her for reporting Stacey's alleged slur.

The plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. *Gore v. GTE South, Inc*., 917 F.Supp. 1564 (M.D. Ala. 1996).

Accordingly, Wynn's testimony as to the purported slur, and actions allegedly in retaliation for said slur, is immaterial.

Defendants move to strike the portions of Wynn's affidavit that claim that Defendants began treating Butler "differently" and that "there was no way Stacey could have known that." Said statement is conclusory, addresses an uncommunicated mental operation and is merely an assertion of the employee's opinion. See *Gore v. GTG South, Inc*., 917 F.Supp. 1564 (M.D. Ala. 1996); *Wallace v. Teledyne Continental Motors,* 138 Fed. Appx. 139 (11th Cir. 2005)[1]; *Holifield v. Reno,* 115 F.3d 1555 (11th Cir. 1997); *Hawthorne v. Sears Termite Pest Control, Inc.,* 309 F.Supp 1318 (M.D. Ala. 2003).

Defendants move to strike the portions of Wynn's testimony comparing the treatment of Stacey and Butler. These assertions rely on the truth of said assertion. They are also conclusory in only asserting Wynn's opinion concerning the allowances made for the respective individuals

---

[1] Cases in which the citation includes "Fed.Appx." are unpublished opinions. 11th Cir.R.36-2 provides that unpublished opinions are not considered binding precedent but may be cited as persuasive authority.

2

and the consideration given Stacey by her supervisor. Statements such as these which are essentially conclusory and lacking in specific facts, such as dates, times, and circumstance are inadequate to fulfill the requirements of Rule 56. *Gore v. GTE, South*, *supra*, at 1571.

Defendants move to strike that portion of Wynn's affidavit that purports to deem Butler qualified for the CE position. Said pronouncement is merely an expression of Wynn's opinion without reference to the job's requirements, Butler's experience, or Wynn's knowledge of the position. According to the second affidavit of Steve Dukes (Exhibit EE), Wynn has never applied for the CE position, never worked in the position, and had never been classified as a CE. Testimony of a co-worker, even that of a direct supervisor, about a plaintiff's qualifications, or that the plaintiff was more qualified than other applicants, or that an employee was the subject of discrimination, is speculative and due to be stricken. *Grady v. Bellsouth*, 160 Fed. Appx. 863 (11th Cir. 2005). Generalized statements of co-workers in their affidavits indicating that a plaintiff's job performance was satisfactory are insufficient to overcome a summary judgment motion. *Burks v. Wisconsin Dept. of Transportation*, 464 F.3d 744 (7th Cir. 2006).

<u>Charge of Discrimination #130-A20-3222 And Dismissal and Notice of Rights</u>

Defendants move to strike Butler's Charge of Discrimination dated August 28, 2002, and the Dismissal and Notice of Rights.

Defendants would first note that the Plaintiff failed to file suit within 90 days of the receipt of her notice of rights. Accordingly, action regarding the allegations contained within this particular Charge of Discrimination are time-barred.

Additionally, the EEOC charge contains conclusory allegations of discrimination. The documents are also irrelevant in that they concern allegations now time-barred and do not pertain to any claims at issue on summary judgment. See *Hill v. Oil Dri Corporation of Georgia,* 198

3


Fed. Appx. 852 (11th Cir. 2006).

Plaintiff's Disparate Treatment Claims

As noted in the Defendant's Memorandum Brief In Support of Summary Judgment (Doc. No. 26), Plaintiff's claims of disparate treatment must fail due to her failure to name a proper comparator. Plaintiff, in her Response, merely reiterates, by conclusory allegations, her contention that Stacey is a proper comparator. She cites no evidence in opposition to the Defendants' showing that Stacey and Butler were not "similarly situated." (Defendant's Memorandum Brief, at page 25). As noted above, conclusory allegations without specific supporting facts have no probative value. *Leigh v. Warner Bros.*, *supra*. If a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate where no other evidence of discrimination is present. *Holifield v. Reno,* 115 F.3d 1555 (11th Cir. 1997). From the record, it does appear that there was personal animosity between Plaintiff and Karen Stacey. Personal animosity, however, is not the equivalent of discrimination and is not proscribed by Title VII. Plaintiff cannot turn a personal feud into a discrimination case. *McCollum v. Bolger,* 794 F.2d 602, 610 (11th Cir. 1986); *Hartsfield v. Miami-Dade County,* 90 F.Supp.2d 1363 (S.D. Fla.2000).

The Plaintiff's Retaliation Claims

In Defendants' Memorandum (Doc. No. 26), at 14-17, Defendants have cited binding Eleventh Circuit case law holding that Plaintiff's alleged reporting of Karen Stacey's use of a racial slur did not amount to participating in an activity that Title VII protects. Accordingly, Butler's claims of retaliation can be evaluated only with reference to her supervisor, James Horace.

Rather than cite authority in opposition to the cases cited by the Defendants, Plaintiff

continues to argue that Butler was treated unfairly for reporting Stacey's alleged racial slur. An employee's opinion that he was discriminated against, without more, is not enough to establish a case of race discrimination. *Mack v. ST Mobile Aerospace Eng.,* 195 Fed. Appx. 829 (11th Cir. 2006). The fact that an employee disagrees with an employer's action is insufficient to prove pretext. *Billet v. Cigna Corp.*, 940 F.2d 812 (3rd Cir. 1991).

For the reasons cited in Defendants' Memorandum (Doc. No. 26), Defendants are entitled to Summary Judgment on Plaintiff's claims of retaliation.

The Plaintiff's Failure to Promote Claims

Defendants, in their Memorandum (Doc. No. 26), at 25 through 26, set out their response to Plaintiff's claim that Defendants failed to promote her for discriminatory reasons. As noted, Plaintiff failed to apply for promotion and was unqualified for promotion.

Rather than cite some document or evidence that Plaintiff had indeed applied for and was qualified for promotion Plaintiff simply asserts at page 11 of her Response (Doc. No. 29), that Plaintiff was "qualified to be promoted from Engineering Assistant (EA) to Civil Engineer (CE)." As noted above, Plaintiff's personal opinion as to performance is insufficient to establish her qualifications. *Cooper v. Southern Co.,* 390 F.3d 695 (11th Cir. 2004). Plaintiff's conclusory statements that they were "more qualified" than the persons promoted are insufficient to establish *prima facie* case of discrimination. *Williams v. Mead Coated Bd., Inc*., 836 F. Supp. 1552 (M.D. Ala. 1993).

Defendants, in brief, have noted that Plaintiff was not on the employment register for the position of Civil Engineer (CE) (position was later re-named Transportation Technologist or TT). The Second Affidavit of Mark Waits (Exhibit FF) confirms that Plaintiff's name did not appear on the Certification of Candidates.

This Court has recently considered a case involving the use of state "registers".  See *Smith v. State of Alabama,* 252 F.Supp. 2d 1317 (M.D. Ala. 2003).  In *Smith*, the Court cited ALA.CODE § 36-26-15 (1975) in noting that "…only the top ten scoring applicants are eligible for appointment or are 'reachable' on the register." *Smith*, at 1329, note 25.  The Court went on to acknowledge, regarding an individual not in the top ten, that the appointing authority, "…was prohibited from considering his application." *Smith*, at 1329.

Waits second affidavit notes another failing in Plaintiff's claim for promotion.  As noted in Defendants' Memorandum (Doc. No. 26) at 26, the fourth element of proving a *prima facie* case of discrimination in promotion is "the position went to a person who was not a member of the protected class or the employer continued to attempt to fill the position after rejecting the employee's application."  Waits second affidavit reflects that the position referenced by the Plaintiff was filled by a black male.  Accordingly, Plaintiff has failed to set forth a *prima facie* case of discrimination in promotion.

<u>Constructive Discharge</u>

In describing the reasons for her contention of constructive discharge, Plaintiff's counsel claims that Plaintiff was subjected to Defendants relentlessly taking various disciplinary actions against her without valid reason.  She purportedly sought disability retirement "in an effort to avoid the stress caused by the discriminatory and retaliatory conduct of Defendants towards her."  Other than counsel's conclusory assertions, Plaintiff offers no proof that the disciplinary actions were taken without reason or that her purported treatment resulted in stress or any of the other physical conditions leading to her disability retirement. A claim of injury has been deemed a conclusory allegation absent physical evidence, medical records, or corroborating testimony of witnesses.  *Bennett v. Parker,* 898 F.2d 1530 (11th Cir. 1990).

A constructive discharge occurs when a discriminatory employer imposes working conditions that are so intolerable that a reasonable person in the employee's position would have been compelled to resign. *Fitz v. Pugmire Lincoln-Mercury Inc.,* 348 F.3d 974 (11th Cir. 2003).

The fact that plaintiff believes one of the possible outcomes is that he would lose his job alone is not sufficient to justify a finding of constructive discharge. *Rowell v. Bellsouth Corp.*, 443 F.3d 794 (11th Cir. 2005).

Part of an employee's obligation to be reasonable is an obligation not to assume the worse, and not to jump to conclusions too fast. *Garner v. Wal-Mart Stores,* 807 F.2d 1536 (11th Cir. 1987)

The threshold is quite high. *Hipp v. Liberty Natl Life Insurance Co.,* 252 F.3d 1208 (11th Cir. 2001). Being berated in public is not sufficient to show constructive discharge. *Hipp*, at 1231. Being reprimanded and hearing from coworkers of management's intent to fire were insufficient to show constructive discharge. *Fitz*, supra, at 977-78. Receiving poor evaluations was not sufficient to show constructive discharge. *Meeks v. Computer, Associates Int.*, 15 Fed. 3d 1013(11th Cir. 1994). The Eleventh Circuit has ruled that an employee was not constructively discharged as a result of one incident of sexual harassment by her supervisor followed by an alleged statement by her manager that her promotional potential would be negatively effected if she reported the harassment. *Van Der Meulen v. Brinker Intl.,* 153 Fed. Appx. 649 (11th Cir. 2005).

In the case at bar, Plaintiff has failed to show that her employer imposed working conditions so intolerable that a reasonable person in the employee's position would have been compelled to resign. Accordingly, Defendants are entitled to summary judgment with regard to Plaintiff's claims of constructive discharge.

Qualified Immunity

Contrary to the assertions of the Plaintiff, the Defendants have properly raised the defense of qualified immunity.

In order to defeat this defense, Plaintiff must proffer evidence which, viewed in the light most favorable to her, demonstrates that Defendants have violated clearly established statutory or constitutional rights of which a reasonable governmental official would have been aware. *Tindal v. Montgomery County Comm'n.*, 32 F.3d 1535 (11th Cir. 1994).

In cases which involve discriminatory intent as a factual predicate, Courts have recognized that summary judgment is sometimes inappropriate with regard to racial discrimination claims. *Koch v. Rugg,* 221 F.3d 1283 (11th Cir. 2000). An exception to this rule, however, was noted in *Foy v. Holston,* 94 F.3d 1528 (11th Cir. 1996).

The *Foy* court noted that, "at least when an adequate lawful motive is present, that a discriminatory motive might also exist does not sweep qualified immunity from the field even at the summary judgment stage." *Foy, supra*, at 1534-5.

The court clarified that position in *Stanley v. City of Dalton, Ga.,* 219 F.3d 1280 (11th Cir. 2000) where it noted at page 1296 that, "a defendant is entitled to qualified immunity under the Foy rationale only where, among other things, the record indisputably establishes that the defendant in fact was motivated, at least in part, by lawful considerations."

Based upon the holding in *Stanley v. City of Dalton, Ga.*, *supra*, Defendants are entitled to the defense of qualified immunity.

Counsel's Reference to *Reynolds v. Alabama Dept. of Transportation*

In *Plaintiff's Response* (Doc. No. 29), at page 24, reference is made to case of *Reynolds v. Alabama Department of Transportation*, apparently in an effort to use that case to infer

discrimination in this case.

In making such reference, counsel ignores the fact that the United States Court of Appeals for the Eleventh Circuit has already rejected efforts by the courts of this district to establish liability by such an inference. *Reynolds v. G M Roberts*, 202 F3d 1303 (11th Cir. 2000).

The Eleventh Circuit has previously ruled that the settlement of the *Reynolds* case cannot be used as an inference that ALDOT's promotion practices were discriminatory.

<u>Conclusion</u>

For the reasons cited above, Defendants contend that their Motion for Summary Judgment is due to be granted.

    RESPECTFULLY SUBMITTED
    TROY KING
    ATTORNEY GENERAL

    <u>s/ Harry A. Lyles</u>
    Jim R. Ippolito, Jr. (IPP001)
    Assistant Attorney General
    Chief Counsel

    Harry A. Lyles (LYL001)
    R. Mitchell Alton, III (ALT003)
    Assistant Attorneys General
    Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
Telephone:  (334) 242-6350
Facsimile:  (334) 264-4359
lylesh@dot.state.al.us

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **ALVERENE BUTLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) **CASE NO. 2:06-cv-00278-MEF-CSC** |
| **ALABAMA DEPARTMENT OF** | ) |
| **TRANSPORTATION,** *et al.***,** | ) |
| | ) |
| **Defendants.** | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that, on **March 6, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECT system, which will send notification to the following:

Mr. Jay Lewis, Esq.
Law Offices of Jay Lewis, L.L.C.
P.O. Box 5059
Montgomery, Alabama  36103-5059
ATTORNEY FOR PLAINTIFF

Harry A. Lyles
Harry A. Lyles (LYL001)
Assistant Attorney General
Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)
lylesh@dot.state.al.us