IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **ALVERENE BUTLER,** | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No. 2:06-CV-278-MEF-CSC |
| | * | |
| **ALABAMA DEPARTMENT** | * | |
| **OF TRANSPORTATION, et al.,** | * | |
| Defendants. | * | |

**RESPONSE TO ORDER TO SHOW CAUSE REGARDING
DEFENDANTS' MOTION TO STRIKE**

Comes now Plaintiff Alverene Butler, by and through counsel, and would respond to the Court's order (Doc. 37), to show cause why the Court should not grant the defendants' Motion to Strike (Doc. 35) and would show unto the Court as follows:

1.   Defendants' move to strike the portions of Melvin Wynn's affidavit which deal with the purported slur uttered by Karen Stacey during the automobile accident because they contend that the purported racial slur does not rise to the level of a "protected activity." *Little v. United Technologies, Carrier Transicold Division,* 103 F. 3d 956 (11th Cir.1997). Plaintiff disagrees with the defendants' conclusion. In *Tucker v. Talladega City Schools,* 171 Fed. Appx. 289 (11th Cir.2006), the Eleventh Circuit distinguishes *Little*:

> In *Andrews* we did recognize *Little* as a limitation on when a plaintiff properly states a prima facie case of retaliation under § 1981. The white plaintiff in *Little* failed to state a prima facie case based on his complaint about a co-worker's racial slur that was derogatory toward blacks because the plaintiff failed to allege discrimination due to his own race. *See Andrews,* 140 F.3d [1405] at 1412. The situation in this case is different. Tucker is an African-American who is claiming that he was retaliated against because of his complaints on behalf of African-American students and teachers. Therefore, the discrimination that forms the basis for Tucker's complaint is due to his race as an African-American.

1

*Id.* at 296. Plaintiff, a black female, believes that her complaints about her co-worker's racial slur that was derogatory to blacks, alleges discrimination due to her own race. Plaintiff has established a *prima facie* case of retaliation.

2.   Defendants move to strike portions of Wynn's affidavit that claim the defendants began treating Butler "differently" and that "there was no way Stacey could have known that." Wynn's affidavit is, as stated on its face, based on his personal knowledge. Said statements are not "conclusory, addresses an uncommunicated mental operation and is merely an assertion of an employee's opinion." Wynn was present when Jackson pointed out that Stacey reported Plaintiff had not worked the hours logged. Because Wynn was there when his crew came back to the office, he personally saw who, if anyone, was present. He also qualifies his statement with Stacey "was almost always gone...." Wynn worked with Plaintiff on the same crew for some time. He had the opportunity to observe how Plaintiff was treated. His observations in that regard are relevant. As such, Wynn's declaration should not be stricken.

3.   Defendants move to strike portions of Wynn's affidavit that compare the treatment of Plaintiff and Stacey, claiming these assertions rely on the truth of said assertion and conclusory. Once again, his testimony is based on his personal knowledge and observations. Such comparisons should not be stricken from Wynn's affidavit.

4.   Defendants move to strike the portion of Wynn's affidavit that purports to deem Plaintiff qualified for the CE position because they are merely an expression of Wynn's opinion. Opinion testimony by law witnesses is limited to those opinions rationally based on the perception of the witness, helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope

of Rule 702. Federal Rules of Evidence, Rule 701. Wynn's testimony, based on his observation and perception of Plaintiff's work performance and work ethic, helps determine a fact in issue as to why Plaintiff was passed over for a promotion, and is not based on any specialized knowledge. Said testimony should, therefore, not be stricken.

5.      Finally, Defendants move to strike Plaintiff's Charge of Discrimination dated August 28, 2002, and the Dismissal and Notice of Rights because the allegations are time barred, contain conclusory allegations of discrimination and are irrelevant. Plaintiff believes this evidence is relevant because Defendant Mark Waits was a direct line supervisor then over Plaintiff as well as during the more recent incidents which give rise to this lawsuit. Waits was involved with the August, 2002 EEOC Charge of Discrimination and he was involved in Plaintiff's later Charges of Discrimination. Testimony that is based on personal knowledge and that is relevant is not due to be stricken.

Wherefore, Plaintiff requests that the Court deny the defendants' Motion to Strike.

RESPECTFULLY SUBMITTED this __4th__ day of April, 2007.

    /s/ JAY LEWIS
    Jay Lewis
    Law Offices of Jay Lewis, LLC
    P.O. Box 5059
    Montgomery, AL 36103
    (334) 263-7733 (Voice)
    (334) 832-4390 (Fax)
    J-Lewis@JayLewisLaw.com
    ASB-2014-E66J

**CERTIFICATE OF SERVICE**

     I hereby certify that on the _4th_ day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

Harry A. Lyles
Assistant Attorney General
ALDOT
1409 Coliseum Blvd.
Montgomery, AL 36110

                                                  /s/ JAY LEWIS
                                                Jay Lewis