IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALVERENE BUTLER, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) CASE NO. 2:06-cv-00278-MEF-CSC |
| ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION, et al., | ) |
| | ) |
|     Defendants. | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER**
**(DOC. NO. 38)**

In Defendant's memorandum (Doc. No. 26), they cited the case of *Little v. United Technologies*, 103 F.3d 956 (11th Cir. 1997), for the proposition that not every act by an employee in opposition to racial discrimination is protected. The opposition "must be directed at an unlawful employment practice of an employer, not an act of discrimination by a private individual." *Little, supra,* at 959; 1 *Emp. Discrim. Coord. Analysis of Federal Law* §8:12. As noted in 45A AM.JUR 2D *Job Discrimination* §235, "A claim based on actions by co-workers, however, is viable only if co-workers' conduct can be attributed to the employer." Accord, 27 CUMBERLAND L. REV. 1311 (1996-1997), *Eleventh Circuit Survey of Recent Decisions*; *Beckham v. Early Bankshares Inc.,* 2006 WL 826710 (M.D. Ga.); *Braham v. State of New York Unified Court System,* 1998 WL 107117 (S.D.N.Y.)

In *Plaintiff's Response to Show Cause Order,* she cites the slip opinion in *Tucker v. Talladega City Schools,* 171 Fed. Appx. 289 (11th Cir. 2006) to argue that the above mentioned holding in *Little*, *supra*, is no longer applicable. A close reading of the *per curiam* opinion in *Tucker* reveals, however, that Tucker references another issue addressed by the *Little* court, that

being the issue of racial bias. *Tucker* at 295. The *Tucker* opinion has absolutely nothing to do with the issue for which the *Little* case is cited to this court.

In fact, some six months after the issuance of the *Tucker* slip opinion, the Eleventh Circuit once again revisited *Little* in the unpublished opinion issued in *Wilson v. Farley*, 203 Fed. Appx. 239 (11th Cir. 2006). In *Wilson*, *supra*, a panel, once again writing *per curiam*, cited *Little* in noting at pages 247-8:

> "Day's single derogatory remark was insufficient to serve as a basis for a discrimination charge…and, thus, Day's conduct could not be attributable to the DCF…a co-worker's single racially offensive remark was not attributable to the employer, and, thus, the plaintiff's opposition to it did not constitute opposition to an unlawful employment practice under Title VII…"

Plaintiff also takes issue with other portions of Defendant's Motion to Strike the affidavits of Melvin Wynn and Kelvin Johnson[1]. Plaintiff fails, however, to cite any caselaw or authority in opposition to that cited by Defendants. Instead, Plaintiff simply continues to insist that the affidavits are relevant and should not be stricken.

Plaintiff's argument regarding Wynn's declaration that Plaintiff was eligible for the "CE" position is particularly problematic. Plaintiff insists that such pronouncement is based upon Wynn's "perception". Plaintiff fails, however, to assert any predicate as to how Wynn knows what the qualifications of the CE position are. How does Wynn know the educational requirements, work experience, amount of experience as an EA II/III, and other requirements of the CE position? The second affidavit of Steve Dukes (Defendant's Exhibit EE) shows, without dispute, that the only position for which Mr. Wynn has ever applied is that of a custodial worker. Wynn has never even bothered to apply for the position of "CE". Wynn's gratuitous evaluation

---

[1] The Defendant's Motion asks that both affidavits be stricken but only addresses one in brief. Defendants would note that the two affidavits are practically mirror images of each other and that the same arguments that apply to Wynn's affidavit would apply to Johnson's.

of his friend's work ethic falls far short of being a sufficient predicate to render his opinion admissible.

For the reasons cited above, Defendants continue to assert that the affidavits of Wynn and Johnson are due to be stricken and that summary judgment in favor of ALDOT is due to be granted.

> RESPECTFULLY SUBMITTED
> TROY KING
> ATTORNEY GENERAL
>
> s/ Harry A. Lyles
> Jim R. Ippolito, Jr. (IPP001)
> Assistant Attorney General
> Chief Counsel
>
> Harry A. Lyles (LYL001)
> Assistant Attorney General
> Assistant Counsel
>
>
> s/ R. Mitchell Alton, III
> Jim R. Ippolito, Jr. (IPP001)
> Assistant Attorney General
> Chief Counsel
>
> R. Mitchell Alton, III (ALT003)
> Assistant Attorney General
> Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
Telephone:  (334) 242-6350
Facsimile:  (334) 264-4359
lylesh@dot.state.al.us
altonm@dot.state.al.us

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALVERENE BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CASE NO. 2:06-cv-00278-MEF-CSC |
| ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION, et al., | ) |
| | ) |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that, on April 10, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECT system, which will send notification to the following:

Mr. Jay Lewis, Esq.
Law Offices of Jay Lewis, L.L.C.
P.O. Box 5059
Montgomery, Alabama 36103-5059
ATTORNEY FOR PLAINTIFF

Harry A. Lyles (LYL001)
Assistant Attorney General
Assistant Counsel

s/ R. Mitchell Alton, III
R. Mitchell Alton, III (ALT003)
Assistant Attorney General
Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)
lylesh@dot.state.al.us
altonm@dot.state.al.us