IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **ALVERENE BUTLER,** | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **Civil Case No. 2:06-CV-278-MEF** |
| | * | |
| **ALABAMA DEPARTMENT** | * | |
| **OF TRANSPORTATION, et al.,** | * | |
| Defendant. | * | |

## PLAINTIFF'S REQUESTED JURY INSTRUCTIONS

COMES NOW Plaintiff to submit the attached ____ Jury Instructions, and would request that the court charge the Jury in accordance therewith.

RESPECTFULLY SUBMITTED, this __18th_ day of May, 2007.

/s/ JAY LEWIS
Jay Lewis
Attorney for Plaintiff
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, Alabama, 36103
334-263-7733 (voice)
334-263-7733 (fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

## CERTIFICATE OF SERVICE

I hereby certify that on the _18th_ day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

R. Mitchell Alton, III
Harry A. Lyles
ALDOT
1409 Coliseum Blvd.
Montgomery, AL 36110

/s/ JAY LEWIS

PLAINTIFFS' REQUESTED JURY INSTRUCTION # __

"Race Discrimination"

It is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, or national origin.

Source of Instruction:  Title VII of the Civil Rights Act of 1964, as amended,  § 703(a)(1), 42 U.S.C. § 2000e-2(a)(1) (1997).

Given_____                                                                                               Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION # __

"Protected Class – Status"

    An individual is protected from race discrimination under Title VII because of her race, color or national origin.

Source of Instruction: Adapted from McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993).

Given _____                                                                                               Refused _____

PLAINTIFFS' REQUESTED JURY INSTRUCTION # __

"Employer"

Title VII holds employers liable for violations of the Act.  An entity is an "employer" under Title VII if it is a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  I charge you as a matter of law that the Alabama Department of Transportation was an "employer" within the meaning of the law.

Source of Instruction:  Title VII of the Civil Rights Act of 1964, as amended,  § 701(b), 42 U.S.C. § 2000e(b) (1997).

Given_____                                                                                          Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION # __

"Employee"

     The term "employee" means an individual employed by an employer or an applicant for employment. For the purposes of this case, Ms. Butler is to be considered an employee or applicant of the Alabama Department of Transportation.

Source of Instruction: Title VII of the Civil Rights Act of 1964, as amended, § 701(f), 42 U.S.C. § 2000e(f) (1997).

Given_____                                                                                                         Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION # __

Standard of Proof

The standard of proof in a claim raised under Title VII of the Civil Rights Act of 1964 is by a preponderance of the evidence.

Source of Instruction: McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).

Given_____                                                                                              Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION # __

Evidence of Race or Age Discrimination

      Ms. Butler may prove that her treatment at the hands of her employer was "because of" her race by showing that her race played a motivating role in, or contributed to, the employer's decision. She need not prove that was the only reason, just that it was a motivating reason. Ms. Butler may prove that the forbidden animus was a motivating factor through presentation of either "direct" or "circumstantial" evidence.


Source of Instruction: Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).


Given_____                                                                 Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION # __

Discriminatory Animus – Different Treatment

      A plaintiff may raise an inference of discriminatory animus by offering evidence comparing herself to similarly situated individuals who are not a member of that protected class, who are treated more favorably.

Source of Instruction:  Morris v. Harris Trust & Savs. Bank, 867 F.2d 1023, 1026 (7th Cir. 1989); Lanear v. Safeway Grocery, 843 F.2d 298, 301 (8th Cir. 1988).

Given_____                                                                                                          Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION # __

Prima Facie Case

Ms. Butler may establish that she was subjected to unlawful discrimination by showing that:

1. She is a member of a protected class;

2. who was qualified for the position she sought,

3. who suffered an adverse employment action,

4. under circumstances giving rise to an inference of discrimination.

Ms. Butler bears the ultimate burden of proving that discriminatory animus was a determinative factor in the adverse employment decision. She may succeed in this either directly by persuading you that a discriminatory reason more likely than not motivated The Alabama Department of Transportation or indirectly by showing that the employer's stated explanation is unworthy of belief.

Source of Instruction: McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993). Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

Given_____                                                                          Refused_____

PLAINTIFFS' REQUEST JURY INSTRUCTION # __

Falsity of Reason

    Once the defendant articulates a legitimate, nondiscriminatory reason for adversely affecting Plaintiff's employment, Ms. Butler can establish pretext by showing that Defendant's explanation is unworthy of credence

and/or

    Ms. Butler can establish pretext by showing that a discriminatory reason more likely motivated the employer.

    You are entitled to infer, but need not infer, that Ms. Butler's burden has been met if you find that the four facts previously set forth [elements of the prima facie case] have been established and if you disbelieve the defendant's explanation. Your disbelief of the defendant's explanation is enough because the untruthfulness itself can provide the necessary inference of discrimination.

Source of Instruction: St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993); see also Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993) ("[w]hatever the employer's decision-making process, a disparate treatment claim cannot succeed unless the employee's protected trait actually played a role in that process and had a determinative influence on the outcome"). Palmer v. Board of Regents of University System of Ga., 208 F.3d 969, 974 (11th Cir. 2000).

Given_____                                                                                                  Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION #__

"Adverse Employment Action"

An adverse employment action is one that results in discrimination against an individual with respect to her compensation, terms, conditions or privileges of employment or that limits, segregates, or classifies employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee.

I will charge you as a matter of law that differential treatment that disadvantages a member of a protected class in the terms, conditions or privileges of employment may constitute an adverse employment action. This is not to say that any action that disadvantages such an employee is necessarily a discriminatory act, but it is an adverse employment action. It is up to you to determine whether it was discriminatory.

Source of Instruction: Title VII of the Civil Rights Act of 1964, as amended, § 703(a), 42 U.S.C. § 2000e-2(a) (1997). See § 3:130.

Given_____                                                              Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION #__

'Mixed Motives' – Proof of Discriminatory Animus

Ms. Butler may prove that race was a "motivating factor" in an adverse employment decision through presentation of "direct evidence" – that is, evidence tied directly to the alleged discriminatory animus – or indirect evidence, that is evidence that if believed make it more likely than not that race was "a motivating factor."

Source of Instruction:  Price Waterhouse v. Hopkins, 490 U.S. 228, 252, 258 (1989) (finding that an employer could avoid liability outright by proving it would have made the same decision absent the discriminatory animus).  Price Waterhouse was partially overruled by the Civil Rights Act of 1991 which amended Title VII to allow an employer to limit the employee's remedy rather than defeat liability outright by showing it would have made the same decision.

The Court here explained that the "mixed motives" theory of proof is unlike the burden-shifting model of McDonnell Douglas/Burdine, which is used when the plaintiff has no direct evidence of discrimination.  Rather, the Court stated that "the employer's burden is most appropriately deemed an affirmative defense: the plaintiff must persuade the factfinder on one point, and then the employer, if it wishes to prevail, must persuade it on another."  Id. at 246.

Given_____                                                          Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION #__

§ 1:420  "Motivating Factor"

    The term "motivating factor" means a consideration that moved the defendant toward its decision, or a factor that played a part in the employment decision.

Source of Instruction:  Model Jury Instructions (Civil) Eighth Circuit § 5.01 n.6 (1998).

Given_____                                                                                                     Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION #__

§ 1:340  "Pretext" (adaptation)

You may choose not to accept an explanation offered by The Alabama Department of Transportation for its actions either if you disbelieve the explanation offered or if you find that the proffered explanation really is a pretext for discrimination on the basis of race. A pretextual explanation most often involves Defendant's alleged application of supposedly neutral policies or criteria which Defendant, in fact, did not apply impartially and uniformly to all persons.


Source of Instruction:   Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981).


Given_____                                                              Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION #__

Retaliation under federal law occurs when an employer takes an adverse employment action against an employee because the employee has engaged in a protected activity. Complaints of discrimination within the organization and the filing of a charge of discrimination with the EEOC are protected activities.

To establish a claim of retaliation against the defendant, the plaintiff must prove each of the following elements:

1. She must prove that she engaged in an activity protected by federal law. I charge you that, as a matter of law, she engaged in that activity when she complained of discrimination and when she filed a charge of discrimination with the EEOC;

2. She must further prove that the exercise of civil rights was known by the defendant. I charge you that, as a matter of law, the defendant did know of the exercise of her civil rights within the organization.

3. She must further prove that the defendant took an employment action adverse to her. Adverse employment actions may include such things as being denied pay raises; being deprived of job advancement; being given low job performance evaluations; or being terminated.

4. Finally, she must prove a causal connection between the protected activity and the adverse employment action. In other words, she must prove that there was some connection between her complaints of discrimination and any adverse employment action taken against her. Miller v. Aluminum Co. Of America, 679 F.Supp 495 (W.D.Pa. 1988), affd, 856 F.2d 184 (3d Cir.); Yates v. Avco Corp., 819 F.2d 630 (6th Cir. 1987).

A retaliation claim is proved regardless of the actual merits underlying discrimination charge, so long as the Plaintiff shows a good faith and reasonable belief that the practice she is

complaining of exists and violates Title VII. See <u>Graham v. Texas Golf, Inc</u>., 662 F.Supp 1451 (D.Conn. 1987). In other words, if she reasonably believes in good faith that the practice she was opposing was discriminatory under the law, whether it actually was, or not, and if she opposed it, and if the defendant knew she was opposing it and took action against her for that reason, and if she was damaged, the Plaintiff has proven her claim of retaliation and you should find in her favor.

Spriggs, Kent, <u>Representing Plaintiffs in Title VII Actions</u>, Volume 2, Sample Jury Instruction §27.37, Wiley Law Publications (1994).

_____    Given                    _____    Refused

RESPECTFULLY SUBMITTED on this the 18th day of May, 2007.

/s/ JAY LEWIS
Jay Lewis
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

## CERTIFICATE OF SERVICE

I hereby certify that on the __18th__ day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such following to the following:

Harry Lyles
Mitch Alton
Jim Ippolito
Attorneys for Defendant

/s/ JAY LEWIS
Jay Lewis, ASB-2014-E66J
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com