### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **ALVERENE BUTLER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| **v.** | ) |
| | )   **CASE NO. 2:06-cv-00278-MEF-CSC** |
| **ALABAMA DEPARTMENT OF** | ) |
| **TRANSPORTATION,** *et al.*, | ) |
| | ) |
|     **Defendants.** | |

### DEFENDANTS' REQUESTED JURY CHARGES

COME NOW the Defendants to submit the attached Jury Charges, and would request that the court charge the Jury in accordance therewith.

RESPECTFULLY SUBMITTED, this 21st day of May, 2007.

        RESPECTFULLY SUBMITTED
        TROY KING
        ATTORNEY GENERAL

        <u>s/ Harry A. Lyles</u>
        Jim R. Ippolito, Jr. (IPP001)
        Assistant Attorney General
        Chief Counsel

        Harry A. Lyles (LYL001)
        Assistant Attorney General
        Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
Telephone:  (334) 242-6350
Facsimile:  (334) 264-4359
lylesh@dot.state.al.us

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| ALVERENE BUTLER, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) CASE NO. 2:06-cv-00278-MEF-CSC |
| ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

### CERTIFICATE OF SERVICE

I hereby certify that, on May 21, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECT system, which will send notification to the following:

Mr. Jay Lewis, Esq.
Law Offices of Jay Lewis, L.L.C.
P.O. Box 5059
Montgomery, Alabama 36103-5059
ATTORNEY FOR PLAINTIFF


              s/ Harry A. Lyles
              Harry A. Lyles (LYL001)
              Assistant Attorney General
              Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)
lylesh@dot.state.al.us

DEFENDANTS' NO. 1

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **ALVERENE BUTLER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **CASE NO. 2:06-cv-00278-MEF-CSC** |
| **ALABAMA DEPARTMENT OF** ) | |
| **TRANSPORTATION,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## RACE DISCRIMINATION

It is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [his/her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, or national origin.

Source of Instruction:  Title VII of the Civil Rights Act of 1964, as amended, §703(a)(1), 42 U.S.C. §2000e-2(a)(1) (1997).

*Federal Employment Jury Instructions*, McNamara & Southland, §3:100

GIVEN _____          DENIED _____

DEFENDANTS' NO. 2

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ALVERENE BUTLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) CASE NO. 2:06-cv-00278-MEF-CSC |
| **ALABAMA DEPARTMENT OF** | ) |
| **TRANSPORTATION,** *et al.***,** | ) |
| | ) |
| **Defendants.** | |

## RACE DISCRIMINATION: PRETEXT

Plaintiff accuses the Alabama Department of Transportation of race discrimination. Specifically, she claims that the Department took adverse employment actions against her because of race discrimination.

An "adverse employment action" is one that, standing alone, actually causes damage, tangible or intangible, to an employee. The fact that an employee is unhappy with something his or her employer did or failed to do is not enough to make that act or omission an adverse employment action. An employer takes adverse action against an employee only if it: (1) takes something of consequence away from the employee, for example, by discharging or demoting the employee, reducing his or her salary, or taking away significant responsibilities; or (2) fails to give the employee something that is a customary benefit of the employment relationship, for example, by failing to follow a customary practice of considering the employee for promotion after a particular period of service.

Even if you were to decide that the actions of which Plaintiff complains were neither fair nor wise nor professionally handled, that would not be enough. In order to succeed on the discrimination claim, Plaintiff must persuade you, by a preponderance of the evidence, that were

it not for race discrimination, she would not have been treated differently than the white employee (Ms. Stacey).

Plaintiff need not show that race discrimination was the only or predominant factor that motivated Defendant. In fact, you may decide that other factors were involved as well in Defendant's decision-making process. In that event, in order for you to find for Plaintiff, you must find that she has proven that, although there were other factors, she would not have been treated differently than Ms. Stacey without the race discrimination.

Plaintiff is not required to produce direct evidence of unlawful motive. You may infer knowledge and/or motive as a matter of reason and common sense from the existence of other facts, for example, explanations that were given that you find were really pretextual. "Pretextual" means false or, though true, not the real reason for the action taken.

An adverse employment action by a supervisor is an action of the employer.

## **Comments**

Source of Instruction: Proposed Civil Pattern Jury Instructions – Employment Discrimination (Disparate Treatment), Judge Hornby, United States District Court, District of Maine, §1.1 (2004); Federal Employment Jury Instructions, § 3:101.


GIVEN _____          DENIED _____

DEFENDANTS' NO. 3

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **ALVERENE BUTLER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **CASE NO. 2:06-cv-00278-MEF-CSC** |
| **ALABAMA DEPARTMENT OF** ) | |
| **TRANSPORTATION,** *et al.*, ) | |
| ) | |
| **Defendants.** | |

### PLAINTIFF'S BURDEN

The burden of persuasion remains at all times with Plaintiff.

### Comments

Source of Instruction: *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993) (citing *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)); *Evans v. McClain of Georgian, Inc.,* 131 F.3d 957, 963 (11th Cir. 1997); Federal Employment Jury Instructions, § 3:150.

GIVEN _____          DENIED _____

DEFENDANTS' NO. 4

# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ALVERENE BUTLER, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) CASE NO. 2:06-cv-00278-MEF-CSC |
| ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## STANDARD OF PROOF

The standard of proof in a claim raised under Title VII of the Civil Rights Act of 1964 is by a preponderance of the evidence.

## Comments

Source of Instruction: *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981); Federal Employment Jury Instructions, § 3:140

GIVEN _____         DENIED _____

DEFENDANTS' NO. 5

# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ALVERENE BUTLER, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) CASE NO. 2:06-cv-00278-MEF-CSC |
| ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION, *et al.*, | ) |
| | ) |
|     Defendants. | |

## TITLE VII — LAW PROHIBITING DISCRIMINATION

Under Title VII of the Civil Rights Act, 42 U.S.C.A. §2000e-2(a), "It shall be an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

The Civil Rights Act is not intended as a vehicle for judicial review of employment decisions that are not the result of discrimination. Although the Civil Rights Act requires that an employer reach employment decisions without discriminating, it does not place an affirmative duty upon an employer to accord special treatment to an employee.

An employer has the right to make business decisions, including selection decisions such as those at issue in this case, for good, bad, or no reason at all, as long as they don't constitute discrimination.

The law does not expose an employer to liability merely because the employer may have misjudged an employee's job performance or made a personnel decision that was unwise or ill-advised. It is not your function in this case to second-guess the wisdom of any employment action which affected Plaintiff. Thus, even if you personally disagree with the actions that were taken or believe that they were harsh or unreasonable, if you find that discrimination was not a motivating factor for the actions, then you must return a verdict in Defendant's favor.

### **Comments**

Source of Instruction: *Standing Orders, Jury Instructions - Title VII Discrimination,* Magistrate Judge John M. Facciola, United States District Court for the District of Columbia; Federal Employment Jury Instructions, § 3:105.


GIVEN _____          DENIED _____

DEFENDANTS' NO. 6

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **ALVERENE BUTLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) **CASE NO. 2:06-cv-00278-MEF-CSC** |
| **ALABAMA DEPARTMENT OF** | ) |
| **TRANSPORTATION,** *et al.*, | ) |
| | ) |
| **Defendants.** | |

**DISPARATE DISCIPLINE**

To establish a prima facie case of disparate discipline, a plaintiff must demonstrate:

1. That he/she belongs to a protected class.

2. That he/she is qualified for the job.

3. That a similarly situated employee engaged in the same or similar conduct and did not receive similar discipline.

**COMMENTS**

*Alexander v. Fulton County,* 207 F.3d 1303, 1336 (11th Cir. 2000); *Gaddis v. Russell Corp.,* 242 F.Supp.2d 1123 (M.D.Ala. 2003).

GIVEN _____          DENIED _____

DEFENDANTS' NO.7

# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **ALVERENE BUTLER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **CASE NO. 2:06-cv-00278-MEF-CSC** |
| **ALABAMA DEPARTMENT OF** ) | |
| **TRANSPORTATION,** *et al.***,** ) | |
| ) | |
| **Defendants.** | |

## **CONSTRUCTIVE DISCHARGE – WORKING CONDITIONS**

Working conditions are intolerable if a reasonable person in Plaintiff's situation would have deemed resignation the only reasonable alternative. An employee has an obligation not to assume the worst and not to jump to conclusions too quickly.

## **Comment**

**Source of Instruction:** *Jaros v. LodgeNet Entertainment Corp.,* 171 F. Supp. 2d 992, 1004-05 (D.S.D. 2001). Federal Employment Jury Instructions, § 3:232.

GIVEN _____-          DENIED_____

DEFENDANTS' NO.8

# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **ALVERENE BUTLER,** ) | |
| ) | |
| Plaintiff, ) | |
| v.  ) | |
| ) | **CASE NO. 2:06-cv-00278-MEF-CSC** |
| **ALABAMA DEPARTMENT OF** ) | |
| **TRANSPORTATION,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

## CONSTRUCTIVE DISCHARGE

An employee is constructively discharged, and thus suffers an adverse employment action under Title VII, if a reasonable person under the same or similar circumstances would consider the working conditions to be so intolerable as to be compelled to resign.

Source of Instruction: *Barrow v. New Orleans S.S. Ass'n.*, 10 F.3d 292, 297 (5th Cir. 1994).

Federal Employment Jury Instructions § 3:230

GIVEN_____        DENIED_____

DEFENDANTS' NO.9

# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ALVERENE BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CASE NO. 2:06-cv-00278-MEF-CSC |
| ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## FALSITY OF REASON

Pretext may be shown by such weaknesses, implausibility, inconsistencies, incoherencies, or contradictions in Defendants' proffered reasons for its actions that a reasonable person could rationally find them unworthy of credence and hence infer that Defendant did not act for the asserted non-discriminatory reasons.

An employee may not establish that employer's proffered reason for an adverse employment action is pretext for discrimination merely by questioning the wisdom of employer's reason, as long as the reason is one that might motivate a reasonable employer.

An employer who treats two employees differently because of mistaken belief in existence of neutral reason does not violate Title VII. Employment discrimination involves actual knowledge and real intent, not constructive knowledge and assumed intent.

### Comments

Source of Instruction: *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000). *Federal Employment Jury Instructions,* § 3:250; *Pennington v. City of Huntsville*, 261 F.3d 1262, 67 (11TH Cir.2001); *Silvera v. Orange County Sch.Bd.*, 2001 WL 273853 (11Th Cir. 2001); Federal Employment Jury Instructions, § 3:250

GIVEN _____    DENIED _____

DEFENDANTS' NO.10

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| ALVERENE BUTLER, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ALABAMA DEPARTMENT OF )<br>TRANSPORTATION, *et al.*, )<br>)<br>Defendants. ) | CASE NO. 2:06-cv-00278-MEF-CSC |

### LEGITIMATE, NONDISCRIMINATORY REASON

An employer meets its burden of producing a legitimate nondiscriminatory reason for its adverse employment action by offering admissible evidence sufficient for the trier of fact to conclude that the adverse action was taken as a result of such articulated reason. The employer's burden is one of production, not persuasion.

### Comments

Source of Instruction: *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000); *Denney v. City of Albany*, 247 F.3d 1172 (11th Cir. 2001); Federal Employment Jury Instructions, §3:240.


GIVEN _____     DENIED _____

DEFENDANTS' NO.11

### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **ALVERENE BUTLER,** )<br>)<br>**Plaintiff,** )<br>**v.** )<br>)<br>**ALABAMA DEPARTMENT OF** )<br>**TRANSPORTATION,** *et al.*, )<br>)<br>**Defendants.** | **CASE NO. 2:06-cv-00278-MEF-CSC** |

### **INFERENCE OF DISCRIMINATION — SIMILARLY SITUATED**

To be deemed similarly situated, individuals with whom Plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.

### **Comments**

Source of Instruction: *Johnson v. Kroger Co.*, 319 F.3d 858, 867 (6th Cir. 2003); *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1232 (10th Cir. 2000); *Gaddis v. Russell Corp.*, 242 F.Supp.2d 1123 (M.D. Ala. 2003); Federal Employment Jury Instructions, §3:233.

GIVEN _____         DENIED _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALVERENE BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CASE NO. 2:06-cv-00278-MEF-CSC |
| ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION, *et al.*, | ) |
| | ) |
| Defendants. | |

**CONSTRUCTIVE DISCHARGE**

The Plaintiff claims that she was subjected to certain adverse employment actions. She contends that these adverse employment actions caused her constructive discharge.

A "constructive discharge" occurs when an employer, such as the Defendants in this case, through illegal employment practices, imposes working conditions so intolerable that a reasonable person would feel compelled to leave their job rather than be subjected to the adverse conditions.

An "adverse employment action" is one that, standing alone, actually causes damage, tangible or intangible, to an employee. The fact that an employee is unhappy with something his or her employer did or failed to do is not enough to make that act or omission an adverse employment action.

An employer takes adverse action against an employee only if it: (1) takes something of consequence away from the employee, for example, by discharging or demoting the employee, reducing his or her salary, or taking away significant responsibilities; or (2) fails to give the employee something that is a customary benefit of the employment relationship, for example, by

failing to follow a customary practice of considering the employee for promotion after a particular period of service.

**Comments**

**Source of Instruction:** Proposed Civil Pattern Jury Instructions – Employment Discrimination (Disparate Treatment), Judge Hornby, United States District Court, District of Maine, §6.1 (2004); Federal Employment Jury Instructions, §3:230.20


GIVEN _____                    DENIED _____

DEFENDANTS' NO.13

# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **ALVERENE BUTLER,** )<br>)<br>**Plaintiff,** )<br>**v.** )<br>)<br>**ALABAMA DEPARTMENT OF** )<br>**TRANSPORTATION,** *et al.*, )<br>)<br>**Defendants.** ) | **CASE NO. 2:06-cv-00278-MEF-CSC** |

## DISCRIMINATORY ANIMUS – DIFFERENT TREATMENT

A plaintiff under Title VII may raise an inference of discriminatory animus by offering evidence comparing himself or herself to "similarly situated" individuals who are not a member of that protected class, who are treated more favorably.

For two employees to be "similarly situated", the plaintiff must show that the employees are similarly situated all relevant respects. The employee to whom the plaintiff is comparing himself or herself must be nearly identical to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer.

Source of Instruction: *Morris v. Harris Trust & Savs. Bank*, 867 F.2d 1023, 1026 (7th Cir. 1989); *Lanear v. Safeway Grocery*, 843 F.2d 298, 301 (8th Cir. 1988); *Anderson v. WMBG-42* 253 F.3d 56 (11th Cir. 2001); Federal Employment Jury Instructions, §3:180.

GIVEN _____     DENIED _____