IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALVERENE D. BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:06-cv-278-MEF |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## CLOSING JURY INSTRUCTIONS

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in

deciding this case.

When I have finished you will go to the jury room and begin your discussions -

- what we call your deliberations.

In deciding the case you must follow and apply all of the law as I explain it to

you, whether you agree with that law or not; and you must not let your decision be

influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence - - that is, the

testimony of the witnesses and the exhibits I have admitted in the record - - but as you

consider the evidence, both direct and circumstantial, you may make deductions and

reach conclusions which reason and common sense lead you to make.  "Direct

evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe

accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not

mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

The Plaintiff claims that Waits and Jackson, while acting "under color" of state law, intentionally discriminated against the Plaintiff based on her race in violation of the Plaintiff's constitutional rights under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

Specifically, Plaintiff alleges that she was made to perform manual labor, had to arrive at work at 7:00 instead of 7:30, was disciplined for violating the call-in rule, had previously-approved leave taken away, and was denied a promotion.

4

The Defendants deny that they violated the Plaintiff's rights in any way.

You are instructed that the Equal Protection Clause of the Fourteenth Amendment does prohibit discrimination against public employees on the basis of race.

With respect to the Plaintiff's claims against the individual Defendants Waits and Jackson, respectively, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:    That the individual Defendant intentionally discriminated against the Plaintiff in the terms and conditions of her employment by taken the actions Plaintiff alleges they took;

Second:    That the Defendant's action constituted or caused a serious and material change in the terms, conditions, or privileges of his employment, deprived her of employment opportunities, or otherwise adversely affected her status as an employee;

Third:    That the Plaintiff's race was a substantial motivating factor that prompted Defendant to take the action;

Fourth:    That the individual Defendant committed such act or acts of discrimination "under color" of state law or authority; and

Fifth:    That the individual Defendant's act or acts were the proximate or legal cause of damages sustained by the Plaintiff.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

5

A state or local official acts "under color" of the authority of the state not only when the official acts within the limits of the official's lawful authority, but also when the official acts without or beyond the official's lawful authority. In order for unlawful or unconstitutional acts of an official to be done "under color" of state law, however, the acts must be done while the official was purporting or pretending to act in the performance of official duty; that is, the unlawful act must be an abuse or misuse of power which is possessed by the official only because he is an official. In this case, therefore, you must determine whether the individual Defendant had supervisory authority over the Plaintiff in the terms and conditions of the Plaintiff's employment, and whether such Defendant abused or misused that authority by intentionally discriminating against the Plaintiff because of the Plaintiff's race.

You will note that proof of intentional discrimination on the part of the individual Defendant is required; any evidence of mere negligence or the failure to exercise reasonable care in supervising other employees is insufficient. The Plaintiff must prove that the individual Defendant committed intentionally discriminatory acts, either personally or through the direction of others, or that the Defendant knowingly and deliberately acquiesced in discriminatory acts being committed by the Defendant's subordinates without intervening to stop such discrimination.

For damages to be the proximate or legal result of wrongful conduct, it must be shown that, except for such conduct, the damages would not have occurred.

6

The Plaintiff also makes a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of the employee's race.

More specifically, the Plaintiff claims that the Alabama Department of Transportation ("ALDOT") took the following actions against her because of her race: requiring her to perform manual labor; requiring her arrive at work at 7:00 instead of 7:30; disciplining her for violating the call-in rule; taking her previously-approved leave away; and denying her a promotion.

ALDOT denies that the Plaintiff was discriminated against in any way.

In order to prevail against ALDOT with respect to these claims, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:     That ALDOT took the action Plaintiff alleges;

<u>Second</u>:     That ALDOT's action constituted or caused a serious and material change in the terms, conditions, or privileges of his employment, deprived her of employment opportunities, or otherwise adversely affected her status as an employee; and

<u>Third</u>:     That the Plaintiff's race was a substantial motivating factor that prompted ALDOT to take the action.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race.

7

So far as you are concerned in this case, an employer may take an employment action against an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of ALDOT even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their race.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's race was the sole or exclusive reason for the ALDOT's decision. It is sufficient if the Plaintiff proves that race was a determinative consideration that made a difference in ALDOT's decision.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether ALDOT has shown by a preponderance of the evidence that ALDOT would have taken that action for other reasons even in the absence of consideration of the Plaintiff's race. If you find that ALDOT would have taken the action for reasons apart from the Plaintiff's race, then you will make that finding in your verdict.

If you find for the Plaintiff and against ALDOT on its defense, you must then decide the issue of the Plaintiff's damages.

The Plaintiff alleges that ALDOT retaliated, that is, took revenge against the

8

Plaintiff because the Plaintiff had previously taken steps seeking to enforce the Plaintiff's lawful rights under Title VII of the Civil Rights Act.

You are instructed that those laws prohibiting discrimination in the work place also prohibit any retaliatory action being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be her lawful rights. To establish "good faith," however, it is insufficient for the Plaintiff to merely allege that her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

In order to establish the claim of unlawful retaliation, therefore, the Plaintiff must prove by a preponderance of the evidence:

First:      That she engaged in statutorily protected activity, that is, that she in good faith asserted objectively reasonable claims or complaints of discrimination prohibited by federal law;

Second:   That an adverse employment action then occurred;

Third:    That the adverse employment action was causally related to the Plaintiff's statutorily protected

9

activities; and

Fourth:    That the Plaintiff suffered damages as a proximate
or legal result of such adverse employment action.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

An adverse employment action is an action by the employer that might well have dissuaded a reasonable worker from making or supporting a charge of discrimination.

For an adverse employment action to be "causally related" to statutorily protected activities it must be shown that, but for the protected activity, the adverse employment action would not have occurred. Or, stated another way, it must be shown that the protected activity by the Plaintiff was a substantial, motivating cause that made a difference in ALDOT's decision.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's protected activity was the sole or exclusive reason for ALDOT's decision. It is sufficient if the Plaintiff proves that the protected activity was a determinative consideration that made a difference in ALDOT's decision.

You should be mindful, however, that the law applicable to this case requires only that an employer not retaliate against an employee because the employee has engaged in statutorily protected activity. So far as you are concerned in this case, an

employer may take an action against an employee for any reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of ALDOT even though you personally may not approve of the action taken and would have acted differently under the circumstances.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether ALDOT has shown by a preponderance of the evidence that ALDOT would have taken the same actions for other reasons even in the absence of the statutorily protected activity. If you find that the Plaintiff would have been subjected to the same actions for reasons apart from the statutorily protected activity, then your verdict should be for ALDOT.

If you find for the Plaintiff and against the Defendants on their defenses, you must then decide the issue of the Plaintiff's damages:

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

11

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as emotional and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

    (a)   Net lost wages and benefits ~~to the date of trial;~~ — *Thru Jan 1, 2006*

    (b)   Emotional pain and mental anguish.

    (c)   Punitive damages, if any (as explained in the Court's instructions)

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was

reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

The Plaintiff also claims that the acts of Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing the Defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct.  However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

So, an award of punitive damages against Defendant would be appropriate only if you find for the Plaintiff and then further find from a preponderance of the evidence (1) that a higher management official of Defendant personally acted with malice or reckless indifference to the Plaintiff's federally protected rights, and (2) that the employer itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against the Defendants, you may consider the financial resources of the Defendants in fixing the amount of such damages.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will

14

speak for you here in court.

A form of verdict has been prepared for your convenience.


[Explain verdict]


You will take the verdict form to the jury room and when you have reached

unanimous agreement you will have your foreperson fill in the verdict form, date and

sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down

your message or question and pass the note to the marshal who will bring it to my

attention. I will then respond as promptly as possible, either in writing or by having

you returned to the courtroom so that I can address you orally. I caution you,

however, with regard to any message or question you might send, that you should not

tell me your numerical division at the time.

DONE this __8th__ day of June, 2007.

MARK E. FULLER
CHIEF UNITED STATES DISTRICT JUDGE