**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **ALVERENE BUTLER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| **v.** | ) |
| | )   **CASE NO. 2:06-cv-00278-MEF-CSC** |
| **ALABAMA DEPARTMENT OF** | ) |
| **TRANSPORTATION,** *et al.*, | ) |
| | ) |
|     **Defendants.** | |

**<u>DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW
IN ACCORDANCE WITH RULE 50(b) OF THE FEDERAL RULES OF CIVIL
PROCEDURE</u>**

COME NOW Defendants, pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, and renew their previous motions for judgment as a matter of law. Defendants contend that they are entitled to judgment as a matter of law with regard to the following issues.

    1.    Plaintiff offered evidence that she had been treated differently than Karen Stacey, a white female. Defendants presented legitimate non-discriminatory reasons for the allegedly disparate treatment. Plaintiff presented insufficient evidence for a jury to have reasonably found that the non-discriminatory reasons offered by Defendants were pretextual.

    2.    Plaintiff alleged, continuously and without dispute, that the favorable treatment accorded Karen Stacey was the result of Stacey's friendship with Defendants Mark Waits and Todd Jackson. Such undisputed evidence is an insufficient basis for a jury to have reasonably found that Plaintiff was subjected to disparate treatment due to her race.

    3.    Defendants are entitled to judgment as a matter of law with regard to Plaintiff's claim that she was not promoted as a result of disparate treatment on the part of Defendants. Plaintiff has failed to make a sufficient showing on the "qualified for and applied for the promotion" element of her "failure to promote" claim. The undisputed evidence at trial showed

that Plaintiff did not complete the application process in that she failed to take the written test described in the "CE" job announcement.

In order to survive a defendant's motion for judgment as a matter of law, the plaintiff must present evidence that would permit a reasonable jury to find in the plaintiff's favor on each and every element of the claim.

4.     Defendants are entitled to judgment as a matter of law with regard to Plaintiff's claim that she was not promoted due to racial animus on the part of Defendants. The undisputed evidence presented at trial showed that Plaintiff was not on the "Certificate of Eligibles" for the job in question. The evidence also showed that the "Certificate of Eligibles" is compiled by the State Personnel Department which is not a defendant in this case. Such undisputed evidence is an insufficient basis for a jury reasonably to have found that Plaintiff was not promoted due to any improper action or motive on the part of Mark Waits or Todd Jackson.

5.     Defendants are entitled to judgment as a matter of law with regard to Plaintiff's claim of retaliation. Plaintiff failed to show that she was engaged in a "protected activity" as defined by Title VII and applicable case law.

Engaging in a "protected activity" is an essential element of a retaliation case with respect to which the plaintiff has the burden of proof. In order to survive a defendant's motion for judgment as a matter of law, the plaintiff must present evidence that would permit a reasonable jury to find in the plaintiff's favor on each and every element of the claim.

6.     Defendants are entitled to judgment as a matter of law with regard to Plaintiff's claim of retaliation. Plaintiff has failed to produce sufficient evidence that would permit a reasonable juror to find that Plaintiff had an objectively reasonable belief that Karen Stacey's purported racial slur, directed at a non-employee of ALDOT, and out of the hearing of said

individual, amounted to an unlawful employment action on the part of the Alabama Department of Transportation.

7. Plaintiff contends that certain employment actions were taken against her in retaliation for her participation in a "protected activity" as defined by Title VII. Defendants presented legitimate non-discriminatory reasons for the actions taken. Plaintiff failed to produce evidence sufficient to permit a reasonable juror to reject as spurious all of Defendants' proffered nondiscriminatory reasons for their actions.

> RESPECTFULLY SUBMITTED
> TROY KING
> ATTORNEY GENERAL
>
> s/ Harry A. Lyles
> Jim R. Ippolito, Jr. (IPP001)
> Assistant Attorney General
> Chief Counsel
>
> Harry A. Lyles (LYL001)
> Assistant Attorney General
> Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
Telephone:  (334) 242-6350
Facsimile:  (334) 264-4359
lylesh@dot.state.al.us

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **ALVERENE BUTLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) **CASE NO. 2:06-cv-00278-MEF-CSC** |
| **ALABAMA DEPARTMENT OF** | ) |
| **TRANSPORTATION, et al.,** | ) |
| | ) |
| **Defendant.** | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECT system, which will send notification to the following:

Mr. Jay Lewis, Esq.
Law Offices of Jay Lewis, L.L.C.
P.O. Box 5059
Montgomery, Alabama 36103-5059
ATTORNEY FOR PLAINTIFF


s/ Harry A. Lyles
Harry A. Lyles (LYL001)
Assistant Attorney General
Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)
lylesh@dot.state.al.us

4