IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **ALVERENE BUTLER,** | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No. 2:06-CV-278-MEF |
| | * | |
| **ALABAMA DEPARTMENT** | * | |
| **OF TRANSPORTATION, et al.,** | * | |
| Defendant. | * | |

## PLAINTIFF'S RESPONSE TO POST-TRIAL MOTIONS

COMES NOW Plaintiff, by and through counsel, and would respond to the defendants' motion for judgment as a matter of law and motion for new trial as follows:

## MOTION FOR JUDGMENT AS A MATTER OF LAW

**Standard of review**

As recently as April 11, 2007, the Court of Appeals for the Eleventh Circuit has reaffirmed its holding that judgment as a matter of law should only be granted "when there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on that issue." *Chaney v. City of Orlando, Fla.*, 483 F.3d 1221, 1227 (11th Cir.2007), citing *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192 (11th Cir.2004).

The defendants are correct that the standard for considering Rule 50(b) motions is the same as the standard for considering Rule 56 motions for summary judgment. By that measure, this will have been the fourth time that this Court has been asked to rule on the sufficiency of the evidence in this case. Plaintiff respectfully suggests that the Court has been correct in its three prior rulings.

**Facts presented**

The claims in this case have already been pared down considerably. Those claims for which there existed insufficient evidence have either been voluntarily abandoned by Plaintiff, or have been eliminated by the Court. If the case were to be reduced to the differential treatment accorded to Plaintiff as contrasted with that accorded to Karen Stacey following the confrontation initiated by Stacey on April 11, 2005, the evidence would still be sufficient for submission to the jury.

This Court, of course, must view all facts in a light most favorable to Plaintiff, the nonmovant. *Ledbetter v. Goodyear Tire and Rubber Co., Inc.*, 421 F.3d 1169, 1177 (11th Cir.2005), cert. granted, 126 S.Ct. 2965 (2006), aff'd, 127 S.Ct. 2162. Once this Court has done that and has denied the defendants' motion, the Eleventh Circuit "will reverse the denial of judgment as a matter of law only if the facts and inferences point overwhelmingly in favor of the movant, such that reasonable people could not arrive at a contrary verdict." *Ledbetter*, 421 F.3d at 1177; see also, *Tucker v. Housing Authority of Birmingham Dist.*, 2007 WL 1034761, *1 (11th Cir.2007).

The evidence, viewed in the light most favorable to Plaintiff, as it must be at the Rule 50 stage, was sufficient for a reasonable jury to find for Plaintiff on both her discrimination and retaliation claims. As the defendants acknowledge, it was not necessary for Plaintiff to prove that discrimination was the **sole** reason for the treatment accorded her, or that retaliation was the **sole** reason for the defendants' conduct; she had only to establish that those were motivating factors, even though other factors may also have motivated them.

Moreover, it is not necessary for Plaintiff to prove that each and every adverse action directed at her constituted retaliation or discrimination. The Court could find, for instance, that

her claim of non-promotion was not discriminatory or retaliatory, but still find sufficient evidence of other conduct for submission of the case to the jury – disciplinary actions, unequal manual labor, early arrival at work, for example. Plaintiff submits that there was substantial evidence presented as to each and every element of her claims of discrimination and retaliation for the case to be submitted to the jury.

## MOTION FOR NEW TRIAL

**Standard of review**

The granting or denial of a motion for new trial is within the sound discretion of the Court and the Court of Appeals for the Eleventh Circuit will only review a district court's decision for abuse of discretion. *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir.2001) (review of **grant** of new trial); *Bianchi v. Roadway Exp., Inc.*, 441 F.3d 1278, 1282 (11th Cir.2006) (review of **denial** of new trial). As the Circuit Court has held, however, "[b]ecause it is critical that a judge does not merely substitute his judgment for that of the jury, 'new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great – not merely the greater – weight of the evidence.' " *Lipphardt*, 267 F.3d at 1186 (quoting *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir.1984)). The Circuit Court has gone so far as to say that a jury's verdict must be upheld so long as there is "some support" for that verdict:

> When a district court grants a new trial because the verdict is against the weight of the evidence, this court's review will be extremely stringent to protect a party's right to a jury trial. See *Hewitt*, 732 F.2d at 1556; *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir.1982). This is particularly true when the new trial is premised upon sufficiency of the evidence as opposed to some factor which may have infected the evidence itself. While the district judge addressed negative inferences which the jury could have drawn, he declined to acknowledge any of

>the positive testimony Redd presented. "[T]he district judge should not substitute his own credibility choices and inferences for the reasonable credibility choices and inferences made by the jury." *Rosenfield v. Wellington Leisure Products, Inc.*, 827 F.2d 1493, 1498 (11th Cir.1987) ( citing *Williams v. City of Valdosta*, 689 F.2d 964, 973-74 n. 7 (11th Cir.1982)). When there is some support for a jury's verdict, it is irrelevant what we or the district judge would have concluded. (Footnote omitted).

*Redd v. City of Phenix City, Ala.*, 934 F.2d 1211, 1215 (11th Cir.1991).[1]

**The jury's verdict**

To defeat a motion under Rule 50, the nonmovant is required to have presented sufficient evidence to permit a reasonable jury to find merits in that party's claims; the test under Rule 59 is whether that reasonable jury reached a verdict supported by that evidence. There is nothing to indicate that this jury was not reasonable or that it relied upon impermissible considerations.

The defendants have dragged a red herring across the Court's path by placing such emphasis on the James Horace matter. A modicum of background information on Horace was necessary in order to put into context Plaintiff's transfer to Jackson's supervision and to explain the heightened scrutiny to which Plaintiff was subjected after her meritorious complaint about Horace. That background was also necessary to validate Plaintiff's good-faith belief that a formal complaint about Stacey's racial epithet would be fruitless and would not be acted upon, since her complaints about Horace went unheeded for more than a year. The jury was not asked to consider Horace's conduct, and the jury did not address Horace or sexual harassment in its verdict.

The jury's verdict was reasonable in light of the evidence presented. The jury was able to see the documents and hear the testimony; as importantly, however, it was able to observe the

---

[1] Plaintiff acknowledges that the "some support" test is the same as the "great weight" test.

demeanor of the witnesses and evaluate each one's credibility and ethos.

It must be noted well that the defendants approved the verdict form; in fact, the defendants originally wrote the verdict form. Had they wished, they could have broken out damages as to each defendant, and they certainly could have left out the "lost earnings and benefits" category, had they thought it did not apply. The defendants agreed to ask the jury that question, and they cannot now be heard to complain that the jury answered it.

The defendants complain – without apparent evidence – of prejudice and/or passion on the part of the jury which, they assert, led to excessive compensatory and punitive damages.

This was not an excessive verdict; it did not even reach the unreasonably low cap on Title VII damages. As the Eleventh Circuit has held, "a grossly excessive award may warrant a finding that the jury's verdict was swayed by passion and prejudice ... thus necessitating a new trial," but "a new trial should only be ordered where the verdict is so excessive as to shock the conscience of the court." *Goldstein v. Manhattan Industries, Inc.*, 758 F.2d 1435, 1447 (11th Cir.), cert. denied, 474 U.S. 1005, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985); *Simon v. Shearson Lehman Bros., Inc.*, 895 F.2d 1304, 1310 (11th Cir.1990). This verdict was clearly not of conscience-shocking magnitude.

The jury awarded compensatory damages totaling $50,000, and punitive damages of $150,000, or three-to-one, well within the "single-digit" multiples that appear to have passed muster with the Supreme Court in these post-*Gore* days. The Eleventh Circuit would not be offended by that ratio. In *Middlebrooks v. Hillcrest Foods, Inc.* 256 F.3d 1241, 1250 (11th Cir.2001), another case in which a defendant complained of prejudice and/or passion, Judge Gibson[2] wrote for the majority that "[t]he ten-to-one ratio in this case does not convince us that

---

[2] Hon. John R. Gibson, U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

the award is tainted by prejudice or bias."

With regard to the defendants' claim that there was no evidence that defendants Waits and Jackson acted with actual malice or reckless indifference, it must be noted that the jury heard the conflicts in the testimony and had a full and fair opportunity to judge the defendants' credibility for themselves. It would be a rare case, indeed, in which a defendant freely admitted his mental state, thus the availability of circumstantial evidence. The jury found the actual malice or reckless indifference in the facts of the case; there was neither opportunity nor need to force a confession from either of them.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully prays that the Court will overrule and deny the defendants' motion for judgment as a matter of law and motion for new trial.

RESPECTFULLY SUBMITTED, this ___4th___ day of July, 2007.

/s/ JAY LEWIS
Jay Lewis
Attorney for Plaintiff
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, Alabama, 36103
334-263-7733 (voice)
334-263-7733 (fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

## CERTIFICATE OF SERVICE

I hereby certify that on the _4th_ day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

R. Mitchell Alton, III
Harry A. Lyles

ALDOT
1409 Coliseum Blvd.
Montgomery, AL 36110

/s/ JAY LEWIS